# IN THE SUPREME COURT OF TEXAS

════════

NO. 12-0839

════════

AMEDISYS, INC. D/B/A AMEDISYS TEXAS, LTD., PETITIONER,

v.

KINGWOOD HOME HEALTH CARE, LLC D/B/A HEALTH SOLUTIONS HOME
HEALTH, RESPONDENT.

════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

════════════════════════════════════════════

**Argued October 10, 2013**

JUSTICE BOYD delivered the opinion of the Court.

The parties in this case dispute the validity of the plaintiff's attempt to accept the defendant's settlement offer under chapter 42 of the Civil Practice & Remedies Code and rule 167 of the Texas Rules of Civil Procedure. We hold that the plaintiff presented uncontroverted evidence that it accepted the material terms of the defendant's offer. We therefore reverse the court of appeals' judgment and remand for that court to consider the defendant's remaining challenges to the trial court's summary judgment in favor of the plaintiff.

**I.**
**Background**

Amedisys, Inc. and Kingwood Home Health Care, L.L.C. are competitors. After two Amedisys employees left to work for Kingwood and allegedly began soliciting business from

Amedysis clients, Amedisys sued Kingwood for tortious interference with Amedisys's non-solicitation agreements with the employees.[1] Kingwood alleges that in subsequent settlement discussions Amedysis repeatedly stated that it would not accept anything less than a "six-figure" offer. Believing that amount was significantly more than Amedisys could recover at trial, Kingwood invoked rule 167, which authorizes a party to recover certain litigation costs if the party made, and the party's opponent rejected, a settlement offer that was significantly more favorable than the judgment obtained at trial. *See* TEX. R. CIV. P. 167.2(a), 167.4(a). Kingwood then delivered a written offer, "in accordance with" rule 167 and chapter 42 of the Civil Practice & Remedies Code, to pay Amedisys $90,000 within fifteen days after Amedisys's acceptance of the offer. Consistent with rule 167.2(b)(5), Kingwood gave Amedisys fourteen days to accept the offer or it would be "deemed rejected and can serve as the basis for litigation costs under Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167."

Five days after receiving the settlement offer, Amedisys filed its designation of expert witnesses. After another five days, Kingwood filed its own expert designations and moved to strike Amedisys's designations on the ground that, because Amedisys was the party seeking affirmative relief, its deadline to designate experts had passed nearly a month earlier. Four days later, apparently to Kingwood's surprise, Amedisys sent a letter, by facsimile and as an email attachment, "accepting" Kingwood's $90,000 offer. As it turns out, Kingwood did not want Amedisys to accept the offer and

---

[1] Amedisys also sued the two former employees, but it settled those claims and they are not before us.

made it only because Amedisys said it would not accept an offer under six figures. Instead, Kingwood made the offer merely to trigger a right to recover its litigation costs under rule 167.

During the next two weeks, Amedisys's attorney emailed Kingwood's attorney twice, suggesting they "discuss the terms of the settlement agreement." Kingwood did not respond to the first email but did respond to the second, stating that it would send "a letter shortly explaining [Kingwood's] position on why the consideration fails for the offer that was previously extended to [Amedisys]." When no such letter arrived and the deadline for payment under the settlement had passed, Amedisys demanded payment and threatened to file an emergency motion to enforce the settlement agreement. Kingwood responded that the agreement "failed for consideration" because Amedisys had missed its expert designation deadline, and asserted that Amedisys had "fraudulently induced" Kingwood's settlement offer by repeatedly stating "that it would 'never settle' for less than six figures."

A few days later, Kingwood attended the previously scheduled hearing on its motion to strike Amedisys's expert designations. Believing that the settlement mooted that motion, Amedisys did not file a response or attend the hearing. When it learned that Kingwood had appeared at the hearing and the trial court had granted Kingwood's motion to strike, Amedisys filed an emergency motion asking the court to enforce the settlement agreement, reconsider the order striking its expert designations, and stay the case until the settlement dispute was resolved. In response, Kingwood argued that the agreement was unenforceable because it lacked consideration and was fraudulently induced. Kingwood later filed a "Notice of Withdraw[al] of Consent to Alleged Settlement Agreement," and on the same day, Amedisys filed a "Notice of Rule 11 Agreement."

3

Amedisys amended its pleadings to assert a breach of contract claim based on the alleged settlement agreement and moved for summary judgment on that claim. In support of its motion, Amedisys submitted copies of the offer and acceptance letters and argued that the settlement agreement was binding on Kingwood as a settlement offer under rule 167, as a contract under general contract law, and as an agreement between attorneys under rule 11 of the Texas Rules of Civil Procedure. In its response, Kingwood agreed that general contract law applies but asserted that the agreement failed for lack of consideration because Amedisys failed to timely designate experts and that Amedisys fraudulently induced the offer by stating that it would not accept an offer less than six figures. Kingwood also argued that the settlement was unenforceable because it had withdrawn its consent. In reply, Amedisys asserted that Kingwood's fraud and failure of consideration defenses were legally inapplicable, that Kingwood had waived them by not pleading them, and that Kingwood had failed to support them with any competent summary judgment evidence.[2] Amedisys disputed Kingwood's contention that withdrawal of consent relieved Kingwood of its contractual obligations.

The trial court granted Amedisys's summary judgment motion without stating its grounds for doing so. Kingwood appealed, arguing that it had created fact issues regarding its affirmative defenses of fraudulent inducement and failure of consideration.[3] Addressing this argument in its

---

[2] Amedisys moved to strike the two affidavits that Kingwood filed with its summary judgment response, and the trial court granted that motion.

[3] Kingwood raised two additional issues on appeal related to the trial court's decision to strike parts of Kingwood's summary judgment affidavits.

appellate brief, Kingwood included a paragraph in which it contended no agreement existed because "an acceptance that does not mirror the terms of the offer is both a rejection of the original offer and a counteroffer." Kingwood pointed out that it had offered in its letter "to pay a total sum of $90,000 to settle all claims asserted *or which could have been asserted* by Amedisys," while Amedisys's letter had accepted Kingwood's "offer to settle all monetary *claims asserted* against [Kingwood] for the total sum of $90,000." Because Amedisys's acceptance letter "omitted the idea that a settlement would not only resolve all claims asserted but also all claims not asserted," Kingwood argued that the letter "constituted a rejection of Kingwood's offer." In its brief, Amedisys argued that Kingwood had not challenged the validity or effectiveness of the acceptance letter in the trial court and could not do so for the first time on appeal.

A majority of the court of appeals agreed with Kingwood and reversed the trial court's judgment, concluding that no settlement agreement existed because Amedisys had not accepted all of the offer's material terms. 375 S.W.3d 397, 400–01. The court observed in a footnote that, even though Kingwood had not raised that argument in the trial court, it could "challenge for the first time on appeal the legal sufficiency of the evidence supporting Amedisys's motion, including the evidence supporting the existence of a contract." *Id.* at 400 n.3. Having found that Amedisys failed to prove that it accepted the settlement offer, the majority did not address whether Kingwood had created a fact issue on its fraudulent inducement, failure of consideration, and withdrawal defenses. The dissenting justice concluded that Amedisys's acceptance letter and the email to which it was attached formed an enforceable agreement because they "indicate[d] a clear intention" to accept Kingwood's offer without challenging any of its terms. *Id.* at 402–03 (Jamison, J., dissenting). The

5

dissent would thus have "proceed[ed] to address [Kingwood's] remaining issues and grounds for reversal." *Id.* at 403. We granted Amedisys's petition for review.

## II.
### Burdens of Proof and Preservation of Error

We begin by addressing whether Kingwood failed to preserve its argument that Amedisys did not accept all of the material terms of Kingwood's offer by failing to make that argument in the trial court. As the party moving for traditional summary judgment, Amedisys had the burden to submit sufficient evidence that established on its face that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c). *See Broussard v. Moon*, 431 S.W.2d 534, 536–37 (Tex. 1968). When a movant meets that burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (discussing evolution and purpose of shifting burdens in summary judgment practice). But if the movant does not satisfy its initial burden, the burden does not shift and the non-movant need not respond or present any evidence. *See id.*; *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). This is because "summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right" to judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *Clear Creek Basin*, 589 S.W.2d at 678).

6

Thus, a non-movant who fails to raise any issues in response to a summary judgment motion may still challenge, on appeal, "the legal sufficiency of the grounds presented by the movant." *Id.* "The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999) (citations omitted).

In this case, Amedisys had the burden to submit sufficient evidence to support each element of its breach of contract claim, and this burden required evidence that a contract in fact exists. Kingwood contends that the letter and email that Amedisys submitted to prove its acceptance of Kingwood's offer prove no such thing, but instead prove that Amedisys made a counteroffer by changing a material term of the offer. We therefore review Amedisys's letter and email to determine whether they constitute evidence that Amedisys accepted Kingwood's settlement offer. If they constitute evidence of acceptance, they were uncontroverted evidence because Kingwood did not present any evidence to disprove or create a fact issue on the acceptance element. But if the letter and email constitute no evidence of acceptance, Amedisys did not satisfy its burden of proof and was not entitled to summary judgment.

### III.
### Acceptance

We now turn to the issue of whether the summary judgment evidence establishes that Amedisys accepted Kingwood's settlement offer. Amedisys contends that, in resolving this issue,

the court of appeals erred by applying common law contract principles of offer and acceptance because rule 167 and chapter 42 govern the parties' dealings and displace the common law. Alternatively, Amedisys contends that, even under the common law, it accepted Kingwood's settlement offer. We hold that the common law governs Amedisys's breach of contract claim, but we agree with Amedisys that its email and letter constituted uncontroverted evidence of acceptance.

## A.    Common Law Principles of "Acceptance" Apply

Amedisys first argues that the court of appeals erred by applying the common law rule that an acceptance is effective only if it matches the material terms of the offer to which it responds. *See, e.g.*, *United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968) ("It is well settled that an acceptance must not change or qualify the terms of the offer. If it does, the offer is rejected."). In support, Amedisys contends that chapter 42 and rule 167 govern the validity of the parties' settlement agreement, and they do not expressly require an acceptance to match the terms of the offer. Amedisys argues that imposing general contract law's acceptance doctrine on settlement offers under chapter 42 and rule 167 would undermine their purpose by impeding, rather than facilitating, settlement agreements. We disagree that chapter 42 and rule 167 govern here, and hold that Amedisys was required to prove a valid "acceptance" under contract law to prevail on its breach of contract claim.

When applicable, chapter 42 and rule 167 provide a method by which parties in certain cases who make certain offers to settle certain claims can recover certain litigation costs, if the offeree rejects the offer and "the judgment to be awarded [on those claims] is significantly less favorable to the offeree than was the offer." TEX. R. CIV. P. 167.4(a); *see* TEX. CIV. PRAC. & REM. CODE §§

8

42.002–.005; TEX. R. CIV. P. 167.1–167.7. This applies only to "an offer made substantially in accordance with this rule," TEX. R. CIV. P. 167.1, and "[a] settlement offer not made in compliance with this rule, or a settlement offer not made under this rule, or made in an action to which this rule does not apply, cannot be the basis for awarding litigation costs under this rule as to any party." TEX. R. CIV. P. 167.7. If the issue in this case were whether Kingwood is entitled to recover its litigation costs, rule 167 and chapter 42 would govern the resolution of that issue. But the issue here is whether Amedisys submitted sufficient evidence to obtain summary judgment on its claim for breach of a settlement agreement, not whether it can recover its litigation costs. Therefore, contract law governs resolution of the issue.

Certainly, the Legislature can alter, and in some circumstances has altered, the legal requirements for enforcing a settlement agreement.[4] But chapter 42 and rule 167 govern the requirements for awarding litigation costs, not the requirements for breach of contract claims. To the contrary, they expressly provide that they do "not limit or affect a party's right to make a settlement offer that does not comply with this rule," but a non-conforming offer "cannot be the basis for awarding litigation costs under this rule[.]" TEX. R. CIV. P. 167.7; *see also* TEX. CIV. PRAC. & REM. CODE § 42.002(d).

We agree with Amedisys that Texas has a public policy preference for the settlement of legal disputes, and that chapter 42 and rule 167 encourage such settlements. But more fundamental Texas

---

[4] *See, e.g.*, TEX. FAM. CODE § 153.0071(d), (e) (listing requirements for a binding mediated settlement agreement in suits affecting the parent-child relationship and providing that, when a mediated settlement agreement meets the requirements, "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law").

policies prohibit us from binding parties to contracts to which they never agreed. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 95–96 (Tex. 2011) (observing that freedom of contract is a fundamental Texas policy and that "contracts when entered into freely and voluntarily shall be held sacred") (quoting *Fairfield Ins. Co. v. Stephens Martin Paving, LP,* 246 S.W.3d 653, 664 (Tex. 2008)). We find that the authorities on which Amedisys relies are not persuasive in this case. *See, e.g.*, *Poster v. S. Cal. Rapid Transit Dist.*, 801 P.2d 1072, 1075 (Cal. 1990) (holding that judgment could be entered under California statute based on acceptance of offer during statutory 30-day period, even though the accepting party made counteroffers before accepting the original offer). Here, Amedisys sought to enforce a contract, not to recover litigation costs, and to prevail on that claim it had to establish the existence of a valid contract under the common law, including the elements of offer and acceptance.

## B.     Amedisys Accepted Kingwood's Settlement Offer

Under the common law, an acceptance may not change or qualify the material terms of the offer, and an attempt to do so results in a counteroffer rather than acceptance. *See United Concrete Pipe*, 430 S.W.2d at 364; *see also Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 74 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("A purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance."). But the materiality of the altered term is key, and an immaterial variation between the offer and acceptance will not prevent the formation of an enforceable agreement. *See United Concrete Pipe*, 430 S.W.2d at 364–65 (holding that change in pricing terms from "contract price"

10

to "unit price" did not "change the legal effect of the language" and thus was not material and did not prevent formation of an enforceable contract).

Generally, the materiality of a contract term is determined on a contract-by-contract basis, in light of the circumstances of the contract. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) ("Each contract should be considered separately to determine its material terms."); *see also Parker Drilling*, 316 S.W.3d at 74 ("Contracts should be examined on a case-by-case basis to determine which terms are material or essential.") (citing *T.O. Stanley Boots*, 847 S.W.2d at 221). In construing a contract, a court's primary concern is to ascertain the intentions of the parties as expressed in the instrument. *See, e.g.*, *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).

Here, the court of appeals concluded that "Amedisys did not accept all material terms of [Kingwood's] offer" because Kingwood offered to settle the claims "asserted or which could have been asserted" against Kingwood while Amedisys's acceptance referenced only the claims "asserted" against Kingwood. 375 S.W.3d at 400–01. In reaching this conclusion, the court did not analyze the materiality of this variation. *See id.* The dissent disagreed, concluding that the language in Amedisys's acceptance letter "is best viewed as merely a shorthand reference to the offer made" by Kingwood, and that Amedisys's communications "unconditionally responded to the offer using the same and similar language used in the offer." *Id.* at 402 (Jamison, J., dissenting). In the dissent's view, "[t]here is no indication in the response that material terms were being challenged, qualified, or changed." *Id.* at 402–03. We agree with the dissent that, under the summary judgment record in

11

this case, the variation in language between Kingwood's offer and Amedisys's acceptance is not

material and did not convert Amedisys's acceptance into a counteroffer.

The offer letter that Kingwood sent to Amedisys, titled "Rule 167 Statutory Offer of

Settlement,"[5] stated:

> Please accept this letter as an offer of settlement regarding the above referenced matter. Specifically, my client, [Kingwood] makes this offer to pay your client, [Amedisys] to settle *all monetary claims between the parties* in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167.
>
> . . .
>
> ### Offer of Settlement
>
> [Kingwood] offers to settle with Amedisys the following claims in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167:
>
> [Kingwood] offers a total sum of $90,000 to settle *all claims asserted or which could have been asserted* by Amedisys against [Kingwood] in the above referenced case. This full and final offer is for *all monetary damages claimed* – including attorney[']s fees, costs and interest that were recoverable as of the date of this offer by [Kingwood]. A lump-sum payment in the amount of $90,000 will be made by [Kingwood] within fifteen (15) days after acceptance. If your client agrees, please indicate so by affixing your signature below and returning to me.
>
> Amedisys may accept this settlement offer by serving written notice on [Kingwood's] counsel before June 25, 2010, which is at least fourteen (14) days after this offer is served. If this offer is not accepted by 5:00 p.m. on June 25, 2010, it is deemed rejected and can serve as the basis for litigation costs under Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167.

(Emphasis added.)

---

[5] The subject line of the letter identified the cause number of this case in the trial court, the style of the case, and the trial court in which it was pending.

Amedisys responded in a letter that it delivered both by facsimile and as an attachment to an email. The email stated: "Attached please find Amedisys' acceptance *of the settlement offer you sent* pursuant to Rule 167. Please let me know when you are available Monday to discuss the terms of the settlement agreement." (Emphasis added.) The attached letter stated:

> Pursuant to Rule 167.3(b) of the Texas Rules of Civil Procedure, [Amedisys] hereby accepts [Kingwood's] offer to settle *all monetary claims asserted* against [Kingwood] for the total sum of $90,000, for which a lump sum payment shall be tendered to Amedisys by [Kingwood] within fifteen days after acceptance.

> I will contact you early next week to discuss the preparation and execution of settlement agreement that memorializes all necessary settlement terms.

(Emphasis added.)

Kingwood argues that Amedisys did not accept Kingwood's offer because "[c]onspicuously missing from Amedisys' letter was its acceptance to settle any claim that *could have been asserted* against [Kingwood] as well as all *non-monetary claims* such as the injunctive relief as had been asserted by Amedisys." We begin with an analysis of the materiality of the offer's reference to claims that "could have been asserted," and then address the reference to "non-monetary" claims.

First, we note that Kingwood's letter is itself internally inconsistent in its descriptions of the claims that Kingwood was offering to settle. Initially, it offers to settle "all monetary claims between the parties," omitting any reference to non-monetary claims and claims that had not been asserted between the parties. It then describes the claims as "all claims asserted or which could have been asserted," which includes claims not yet asserted and arguably could include non-monetary claims. But it then states that "the offer is for all monetary damages asserted," again omitting any reference to non-monetary claims and damages not asserted. Based on the second description, of

13

"all claims asserted or which could have been asserted," we conclude that the offer was intended to settle all claims, including any that had not been asserted. But if this is what Kingwood intended by its second description, then it must have intended its first and third descriptions ("claims between the parties" and "damages asserted") as shorthand references to the second.

In response, Amedisys stated in its email that it accepted "the settlement offer you sent," and in its letter it described the claims to be settled as "all monetary claims asserted." In the context of Kingwood's settlement offer, and in light of Amedisys's expressed intent to accept "the settlement offer you sent," we read this description to be a shorthand reference to the claims that Kingwood had offered to settle, just as we read Kingwood's first and third descriptions of those same claims. Although the language in the email is not, by itself, controlling,[6] that language, when combined with the description in the letter, constitutes prima facie evidence of a clear intent to accept Kingwood's settlement offer.

Moreover, Amedisys's failure to reference claims "that could have been asserted" is not material under these circumstances. There is no evidence in this summary judgment record that Amedisys has or had any claims or potential claims against Kingwood other than those that it asserted in this lawsuit. And even if there were such claims or potential claims, the record provides no basis to find that Amedisys could pursue those claims in any post-settlement action. Generally, once parties settle a lawsuit and a judgment is entered, res judicata bars the parties from

---

[6] If, for example, Amedisys had sent the same email but attached a letter purporting to accept Kingwood's offer to settle "for $250,000," the fact that the email purported to accept "the settlement offer you sent" would not necessarily have transformed the attached letter into a valid acceptance of the $90,000 offer. Here, however, the letter's description of the claims to be settled is not materially different from two of Kingwood's own shorthand descriptions of the claims, and the email supports the letter's attempt to accept the offer to settle those claims.

14

subsequently pursuing any claims arising out of the subject matter of the lawsuit that they could have brought in the previous suit.[7] *See, e.g.*, *Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001) ("The doctrine of res judicata in Texas holds that a final judgment in an action bars the parties and their privies from bringing a second suit 'not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'") (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992)). There is no indication in this record that the parties have any unrelated dealings or disputes, or that the parties were concerned about unrelated matters when settling this dispute.

As to the issue of whether the offer's reference to "all claims" included non-monetary claims, we note that Kingwood did not argue in the court of appeals that Amedisys's acceptance was ineffective because it was limited to settlement of "monetary claims." To the extent Kingwood makes that argument here, we disagree. Amedisys's original petition requested injunctive relief, but only against its former employees, and it dropped those claims after it resolved its dispute with its former employees. According to the record before us, Amedisys never requested injunctive relief against Kingwood, and there were therefore no injunctive claims for Kingwood to settle.[8] Kingwood

_____

[7] The parties appealed from the trial court's summary judgment as a final judgment disposing of all claims and parties, and Texas law affords final judgments res judicata effect even during the pendency of an appeal. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986).

[8] We note also that chapter 42's settlement procedures "apply only to claims for monetary relief," TEX. CIV. PRAC. & REM. CODE § 42.002(a), and an offer under rule 167 "must not include non-monetary claims." TEX. R. CIV. P. 167.2(d). The fact that Kingwood repeatedly stated that its offer was made pursuant to chapter 42 and rule 167 thus indicates that the offer's reference to "all claims" did not include non-monetary claims.

has not identified, and we have not found, any other non-monetary claims that Amedisys asserted against Kingwood.

Under these circumstances, we cannot conclude that the slight variation in language from Kingwood's offer to Amedisys's acceptance is sufficient, on its face, to convert Amedisys's purported acceptance into a counteroffer. The uncontroverted evidence demonstrates that Amedisys intended to accept Kingwood's offer, did not intend to make a counteroffer, and did not intend that the settlement be dependent on any alteration of the offer's terms. And Kingwood does not appear to have doubted Amedisys's intent to accept its settlement offer until this case was on appeal.

The shifting burden of proof in the summary judgment context is important to the disposition of this case. If the divergence in language between Kingwood's offer and Amedisys's purported acceptance was material on its face, Amedisys's letter and email would have been no evidence of acceptance and Amedisys would not have been entitled to summary judgment. *Cf. Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009, no pet.) (holding that settlement offer to purchase all interests in property for specified amount was not accepted by response agreeing to convey only party's own interest in property when record demonstrated that parties had different understandings of whether settlement required conveyance of third parties' leasehold interests). Or if Amedisys's communications had been patently ambiguous about whether Amedisys intended to accept Kingwood's offer, the communications would have, themselves, created a fact issue on acceptance and Amedisys would not have been entitled to summary judgment. *See Coleman v. Reich*, 417 S.W.3d 488, 493–94 (Tex. App.—Houston [14th Dist.] July 2, 2013, no pet.) (holding that ambiguity prevented summary judgment when purported acceptance repeatedly

16

stated that it constituted an offer to settle, rather than acceptance of previous offer, and included a place for other party to sign if accepted).

Here, however, Amedisys's email and letter constitute prima facie evidence of a clear intent to accept Kingwood's settlement offer and did not indicate that acceptance was conditioned on the alteration of any material terms. Amedisys thus satisfied its initial summary judgment burden, and the burden shifted to Kingwood to produce evidence raising an issue of fact. *See Kerlin v. Arias*, 274 S.W.3d 666, 668 (upholding summary judgment in favor of party who produced prima facie evidence of a valid deed and noting that party did not have burden to prove age or marital status of grantor because opposing party did not produce evidence raising a fact question on those issues) (citing *Centeq Reality, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) ("Once the defendant produces sufficient evidence to establish the right to summary judgment, the plaintiff must present evidence sufficient to raise a fact issue.")). But Kingwood did not submit any contrary evidence, nor did it challenge the validity of the acceptance at all until after the trial court granted summary judgment. Under these circumstances, we conclude that Amedisys conclusively established through its summary judgment evidence that it accepted Kingwood's settlement offer.

## IV.
## Conclusion

Because we hold that the summary judgment evidence established that Amedisys accepted Kingwood's settlement offer, we reverse the court of appeals' judgment. Amedisys urges us to reinstate the trial court's judgment, but Kingwood argued to the court of appeals that fact issues regarding its fraudulent inducement and failure of consideration defenses also preclude summary

judgment, even if Amedisys accepted Kingwood's offer.  Because the court of appeals did not reach or address those issues, Kingwood requests that we remand this case to that court "to consider the outstanding undecided issues."  Because neither of the parties has briefed those issues to this Court, we remand to the court of appeals for further proceedings consistent with this opinion.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: May 9, 2014