**Reversed and Rendered and Memorandum Opinion filed October 13, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00146-CV

---

### SUZANNE S. MUNDY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JEAN LOUISE SWINDELL, J. ROBERT SWINDELL, AND ROY MUNDY, Appellants

### V.

### ENE, INC., Appellee

---

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-DCV-251265**

---

## M E M O R A N D U M   O P I N I O N

Appellants Suzanne S. Mundy, as Personal Representative for the Estate of Jean Louise Swindell, J. Robert Swindell, and Roy Mundy challenge a judgment declaring void two deeds purporting to transfer property from the estate of Suzanne's and Robert's mother, Jean Louise Swindell, to Suzanne. Appellee ENE, Inc.

obtained summary judgment on its declaratory judgment claim seeking to declare the deeds void.

Because ENE's substantive claim is a dispute over title to real property, the claim must be brought as a trespass-to-try-title claim, instead of one for declaratory judgment. We therefore conclude that ENE failed to establish its entitlement to summary judgment, and we reverse and render a take-nothing judgment in appellants' favor on ENE's declaratory judgment claim.

## Background

ENE and Suzanne own adjacent tracts of real property in Fort Bend County. In a related case, Suzanne seeks title to the property, which we refer to as the "3.57 Property," through adverse possession. ENE purchased the 3.57 Property at a tax foreclosure sale in November 2003. According to ENE, Suzanne and Roy Mundy attended the tax sale and bid on the property before being outbid by ENE. Years later, Suzanne, acting as the personal representative of her late mother's estate, purported to transfer title to the 3.57 Property to herself and her brother Robert in equal one-half interests via special warranty distribution deed, signed on July 2, 2014 and recorded on July 7, 2014 in the Fort Bend County real property records.[1] Robert then transferred his one-half interest to Suzanne via special warranty deed on July 2; that deed was also recorded on July 7.[2]

According to ENE, the 3.57 Property was not listed among the assets of Jean's estate, and thus, the estate did not own the property. On May 9, 2016, ENE filed suit against appellants, asserting claims against Suzanne and Roy for common law

---

[1] This deed also purported to transfer the 10.25 acre Swindell Property, which is described in the related adverse-possession appeal we also decide today. *See Mundy v. ENE, Inc.*, No. 14-21-00145-CV.

[2] This deed also purported to transfer Robert's interest in the Swindell Property to Suzanne.

fraud and conversion, asserting a claim against all appellees for civil conspiracy, and seeking a declaration setting aside the two deeds.

On March 1, 2019, ENE moved for traditional summary judgment on its claim for declaratory relief only. In its motion, it asserted that the 3.57 Property was not listed among the assets in Jean's estate. ENE provided a copy of the "Inventory and List of Claims" filed by Suzanne, as the independent executrix of Jean's estate, which was approved by the probate court on March 30, 1992. According to this inventory, Jean died on December 2, 1987, and the only real property she owned was a house in Harris County. Because the estate did not own the 3.57 Property, ENE sought a declaration voiding the two deeds.

Appellants responded to ENE's motion, asserting that a declaratory judgment action "is not the proper cause of action in a dispute over title to real property." Appellants argued that a trespass-to-try-title action is the only proper legal vehicle for determining title to land. Appellants also contended that ENE's summary judgment evidence does not support its claim that the deeds were fraudulent because they "were executed years after the estate's closing on the basis of the grantor's right, title and interest to the property through adverse possession." They claimed that they did not know about the 3.57 Property until March 2014 when the Mundys obtained a survey of the property. They attached an affidavit from Suzanne and an unsworn declaration from Roy. Both Suzanne and Roy stated that they were unaware of the 3.57 Property until they commissioned the survey and had considered the usable land contained therein as part of their property.

According to the record, appellants' summary judgment response may have been untimely filed. Also, appellants' counsel did not attend the summary judgment hearing. Appellants have asserted that they were unaware that a hearing had been set.

The trial court signed an order granting ENE's motion for partial summary judgment, which declared both deeds void. The order states that the trial court considered "the pleadings, the response and the evidence submitted." Appellants filed a motion to reconsider, in which they stated that their counsel failed to appear at the summary judgment hearing because counsel did not believe that an oral hearing had been set on the motion. They also asked the trial court to consider their summary judgment response and evidence, in the event it did not take those filings into account on the ground that they were untimely.

ENE responded, asserting that "the lack of appearance is irrelevant to disposition of the underlying motion" because appellants "filed a written response and the Court considered the response in making its ruling on the original motion." Indeed, the order expressly states that the court considered the summary judgment response and evidence.

ENE subsequently moved for an award of attorney's fees under the Uniform Declaratory Judgments Act, seeking $25,122.49 based on affidavits and billing records provided by ENE's attorneys. After a hearing, the trial court granted ENE's request for attorney's fees, but only awarded ENE $10,314.16. On this order, the trial court also handwrote that ENE's "claims for civil conspiracy and fraud are nonsuited w/prejudice." The trial court also handwrote, "This order disposes of all claims and parties and is an immediately appealable final judgment."

The trial court's December 7 order was withdrawn on December 14. On that date, the trial court signed a final judgment, which: (1) found ENE's claim for declaratory relief "to be meritorious"; (2) voided both deeds; (3) stated that ENE "has non-suited its claims for common law fraud, conversion, and civil conspiracy against Defendants with all claims and parties now being resolved"; (4) awarded reasonable and necessary attorney's fees of $10,314.16 against appellants, jointly

4

and severally;[3] and (5) stated it is a final judgment disposing of all claims and parties that is immediately appealable.

This appeal followed.

**Analysis**

Appellants bring five issues: (1) the trial court erred in granting judgment against J. Robert Swindell or his estate because appellants filed a suggestion of death and ENE proceeded against the surviving defendants; (2) a declaratory judgment is not the proper cause of action in a dispute over title to real property; (3) the attorney's fee award was not equitable and just; (4) the trial court erred in declaring the deeds void as to the Swindell Property because that conveyance was valid, ENE did not complain about the Swindell Property, and the summary judgment granted more relief than requested; and (5) the trial court erred by declaring the deeds void because ENE did not establish that Suzanne had possession or knowledge of the 3.57 Property when the inventory and list of claims was filed in her mother's estate.

**Analysis**

**A.     Standard of review**

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018); *Texan Land & Cattle II, Ltd. v. ExxonMobil Pipeline Co.*, 579 S.W.3d 540, 542 (Tex. App.—Houston [14th Dist.] 2019, no pet.). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.

---

[3] The judgment awarded attorney's fees "jointly and severally against Defendants Suzanne S. Mundy, J. Robert Swindell and/or his estate, and Roy Mundy. . . ."

2000). If the movant produces evidence that conclusively establishes its right to summary judgment, then the burden of proof shifts to the nonmovant to present evidence sufficient to raise a fact issue. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If a summary judgment movant fails in its initial burden, the nonmovant has no obligation to respond. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511-12 (Tex. 2014). We consider all of the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Because appellants' second issue is dispositive of this appeal, we address it first.

**B.    ENE is not entitled to summary judgment on its declaratory judgment claim.**

Appellants contend that the judgment should be reversed because a declaratory judgment claim is not the proper cause of action in a dispute over title to and possession of real property. Instead, appellants assert, ENE should have filed a trespass-to-try-title action.[4] *See* Tex. Prop. Code § 22.001 ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). Appellants argue that ENE is improperly using the Uniform Declaratory Judgments Act ("UDJA")[5] to settle the dispute that is pending in the related adverse possession litigation "to obtain an award for attorney's fees." We agree with appellants that declaratory relief is not available here as a vehicle to determine title.

---

[4] We note that ENE asserted a trespass-to-try-title counterclaim in the related case on January 13, 2015, over one year before it filed the instant suit. *See Mundy v. ENE, Inc.*, No. 14-21-00145-CV.

[5] *See* Tex. Civ. Prac. & Rem. Code § 37.002(a).

Before addressing the merits, we consider ENE's argument that appellants have waived all complaints concerning the judgment because they failed to appear at the hearing on ENE's motion for summary judgment, failed to obtain a ruling on appellants' motion to reconsider, failed to respond to ENE's motion for attorney's fees or to appear at the hearing on the motion, and filed an "inadequate" motion for new trial. A summary judgment may not be granted by default but must stand or fall on its own merit. *Amedisys, Inc.*, 437 S.W.3d at 511. If the movant fails to meet its burden to establish (1) there is no genuine issue as to any material fact and (2) the movant is entitled to judgment as a matter of law, the burden never shifts to the nonmovant, and the nonmovant need not respond or present any evidence. *Id.*

We turn to the merits. The UDJA provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration or rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004(a). However, "[b]y statute, a trespass-to-try-title action is the method of determining title to lands," and such a claim "is the exclusive remedy for resolving overarching claims to legal title." *Brumley v. McDuff*, 616 S.W.3d 826, 831-32 (Tex. 2021); *see also Jordan v. Bustamante*, 158 S.W.3d 29, 35 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Thus, "when 'the trespass-to-try-title statute governs the parties' substantive claims . . . , [the plaintiff] may not proceed alternatively under the Declaratory Judgments Act to recover their attorney's fees.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013) (quoting *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004)).

The substance of a plaintiff's pleadings determines whether a claim sounds in trespass to try title. *Brumley*, 616 S.W.3d at 833; *Martin*, 133 S.W.3d at 263-64. In its live pleading, ENE contended that these "fraudulent transfers were part of an overall conspiracy *on the part of the Defendants to deceptively acquire title from Plaintiff.*" ENE sought a declaration setting aside the two deeds purporting to convey the 3.57 Property to Mundy. ENE's claim for declaratory relief is the very type of claim that the trespass-to-try-title statute governs. *Shelton v. Kalbow*, 489 S.W.3d 32, 55 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("A trespass-to-try-title lawsuit is an action generally used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner."); *Jinkins v. Jinkins*, 522 S.W.3d 771, 782 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (when dispute involves a claim of superior title or possessory interest in property, it must be brought as a trespass-to-try-title action); *I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 475 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("[A] party may not artfully plead a title dispute as a declaratory judgment action just to obtain attorney's fees when that claim should have been brought as a trespass-to-try-title action."). A plaintiff may not proceed alternatively under the UDJA when the trespass-to-try-title statute governs. *See Coinmach Corp.*, 417 S.W.3d at 926; *Martin*, 133 S.W.3d at 267.

Because ENE sought to negate Suzanne's purported title to the 3.57 Property, its claim sounds as a trespass-to-try-title claim, not one for declaratory relief under the UDJA. Accordingly, the trial court erred in granting summary judgment in ENE's favor on its declaratory judgment claim. Further, because ENE is not entitled to declaratory relief in this title dispute, the award of ENE's attorney's fees must be reversed as well.

We sustain appellants' second issue. Our resolution of this issue makes it unnecessary to address appellants' remaining issues. *See* Tex. R. App. P. 47.1.

## Conclusion

We have determined that the trial court erred in granting summary judgment to ENE on its claim for declaratory relief and granting ENE attorney's fees for this claim. ENE nonsuited its other claims against appellants. Accordingly, we reverse and render judgment that ENE take nothing on its claim for declaratory relief.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.