

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00031-CV

---

ROBINSON CABRERA, APPELLANT

V.

CAPTEX BANK F/K/A THE FIRST NATIONAL BANK OF TRENTON, APPELLEE

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 23-1093-431, Honorable James S. Johnson, Presiding

---

December 9, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Robinson Cabrera, appeals from the trial court's order granting summary judgment in favor of Appellee, Captex Bank F/K/A The First National Bank of Trenton (Captex), and finding that Captex acquired title to real property in Denton County, Texas,[1] through a foreclosure sale.[2] In four issues, Cabrera asserts the trial court erred

---

[1] The property is located at 2107 Meadowview Lane, Corinth, Texas (Property).

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001.

by (1) granting summary judgment on his claim for trespass to try title/quiet title; (2) failing to grant a continuance of a summary judgment hearing; (3) basing its judgment on incompetent evidence; and (4) failing to apply a promissory estoppel exception to the statute of frauds. We affirm.

## Background

The following facts are undisputed. In August 2018, Cabrera and Iranda Graca executed a Note and Deed of Trust with Captex, promising to pay $208,169 plus interest for the Property. Under the terms of these loan agreement documents, Cabrera/Graca agreed to make monthly payments of $920.27 per month. In the event of a default, Captex was authorized to accelerate the debt after notice of breach and an opportunity to cure the default. In the event the debt was not cured, Captex was authorized to initiate foreclosure proceedings.

In October 2018, Cabrera and Graca defaulted on the Loan Agreement. After multiple notices of default and seven scheduled foreclosure sales, Captex ultimately foreclosed on January 3, 2023, and obtained title as the highest bidder. A foreclosure deed was recorded in Captex's name.

One month later, Cabrera filed suit against Captex, alleging that the January 3rd foreclosure sale was improper because it occurred in contravention of an oral contract to postpone the foreclosure for 60 days while he sought to pay off the balance. Cabrera's claims sounded in promissory estoppel, breach of contract, fraud, and wrongful foreclosure. Captex answered and counterclaimed for a declaratory judgment that the

2

January 3rd foreclosure sale validly divested Cabrera and Graca of their ownership interests.

Captex moved for summary judgment, alleging Cabrera defaulted on the Loan Agreement, resulting in a valid January 3, 2023 foreclosure sale and divestiture of Cabrera's and Graca's interests in the property. Cabrera responded by requesting a continuance of the summary judgment hearing to conduct additional discovery, challenging Captex's evidence,[3] and amended his pleadings to include an action for trespass to try title/quiet title. He submitted a declaration from another lawsuit,[4] as well as an affidavit from Antonio Caballero[5] through which he sought to prove that Captex orally agreed to postpone the foreclosure sale.

Captex objected to Cabrera's evidence, defended its own evidence as admissible business records, argued Cabrera's continuance request was improper, and argued no response was needed to the trespass to try title/quiet title claim. On November 2, 2023, the trial court denied Cabrera's request for a continuance and denied his objections to Captex's summary judgment evidence. The trial court also granted Captex's motion for summary judgment and sustained Captex's objections to Cabrera's evidence responding

---

[3] This included an objection to a business record affidavit by Janet Boone, a Senior Vice-President at Captex in support of its motion for summary judgment.

[4] The declaration was attached to a plea in abatement filed in Cause No. F23-112J1 in the Justice Court of Precinct 1 in Denton County, Texas. Cabrera sought to abate Cause No. F23-112J1 until this cause was resolved.

[5] Caballero is the President of Dolo Group/Home Retention Team and was authorized by Cabrera to negotiate a refinance or other mitigation in connection with Captex. According to the affidavit, Caballero participated in an allegedly recorded phone call with Robinson Cabrera and a Captex employee, during which Captex agreed to postpone the foreclosure sale for 60 days to allow Cabrera to pay off the loan. Caballero states that Captex's employee confirmed this agreement and said it would be put in writing.

to its motion. The trial court declared that at the January 3, 2023 foreclosure sale, Captex acquired title to the Property and the foreclosure sale was proper per the loan agreement documents and in accordance with the law.

## Analysis

Cabrera raises four issues on appeal, arguing the trial court erred by: (1) granting summary judgment on his trespass to try title/quiet title claim; (2) denying a continuance to obtain discovery of an audio recording of the telephone call with Captex; (3) relying on incompetent evidence; and (4) failing to apply a promissory estoppel exception to the statute of frauds. We first address the continuance issue, as disposition in Cabrera's favor would render unnecessary a consideration of the remaining points.

Motion for Continuance

Cabrera contends the trial court abused its discretion in denying his unverified motion for a continuance to obtain an audio recording and depose a Captex employee. We review the trial court's ruling for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

The Texas Rules of Civil Procedure require motions for continuance to be supported by affidavit. TEX. R. CIV. P. 251. Cabrera's motion was unverified,[6] nor did he attempt to show due diligence by explaining why such evidence was not sought earlier. Under these circumstances, we hold that the trial court did not abuse its discretion in

---

[6] *See In re A.M.*, 418 S.W.3d 830, 838 (Tex. App.—Dallas 2013, no pet.) (holding that party failed to preserve complaint when motion fails to comply with Rule 251).

4

denying the motion for continuance. *Oglesby v. Richland Trace Owners Ass'n*, No. 05-19-01457-CV, 2021 Tex. App. LEXIS 6263, at *4, 7 (Tex. App.—Dallas Aug. 4, 2021, no pet.) (mem. op.).

Cabrera also argues that Denton County Local Rule 1.9.3. guarantees a party's first request for continuance. But the rule makes continuances "subject to approval by the trial judge." Denton (Tex.) Civ. Dist. Ct. Loc. R. 1.9.3.[7] By denying the motion, the trial court indicated its disapproval of Cabrera's motion.

With no verification, affidavit, consent, or explanation of how a continuance was required by law, we cannot say the trial court abused its discretion in denying Cabrera's motion. Issue two is overruled.

Janet Boone's Affidavit/Exhibits

Cabrera's third issue claims the affidavit of Captex's vice president, Janet Boone, and attached exhibits, fail as competent summary judgment evidence because she did not identify as a custodian of records, meet the business records hearsay exception, and made conclusory statements. We disagree.

We review evidentiary rulings for abused discretion. *Gharda USA, Inc. v. Control. Sols., Inc.*, 464 S.W.3d 338, 347, (Tex. 2015). Under the business records exception to the hearsay rule, the proponent must show (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the

---

[7] Cabrera only quotes a portion of the local rule. Following Cabrera's quote, the remainder of the rule states that "[a]ll continuances and subsequent passes shall be granted only when required for a fair disposition of the litigation . . . ." Denton (Tex.) Civ. Dist. Ct. Loc. R. 1.9.3.

business activity to make the records; (3) the records were made at or near the time of the event that they record; and (4) the records were made by a person with knowledge who was acting in the regular course of business. TEX. R. EVID. 803(6), 902(10). The witness showing these evidentiary predicates is not required to be the creator of the documents or have personal knowledge of their contents; she need only have knowledge of how the records were prepared. *In re E.A.K.*, 192 S.W.3d 133, 141–42 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Boone's affidavit stated she had personal knowledge based on her review of loan records maintained by Captex. She averred that as Captex's senior vice president, she had knowledge of the manner of Captex's recordkeeping and that an employee with knowledge of the act or event made the record at or near the time of the event that was recorded. Boone therefore was a "qualified witness," obviating the need for a custodian affidavit. *Id.* at 142; *Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 Tex. App. LEXIS 718, at *8–9 (Tex. App.—Amarillo Jan. 29, 2021, no pet.) (mem. op.). We conclude the trial court did not abuse its discretion in admitting Captex's account documents under the business records exception to the hearsay rule. Issue Three is overruled.

<u>Claim for Trespass to Try Title/Quiet Title</u>

In his first issue, Cabrera argues the trial court erred in granting summary judgment on his claim for trespass to try title/quiet title because Captex did not address it in the original summary judgment motion or seek to amend its motion after Cabrera added this new claim. Generally, summary judgment on unaddressed claims is improper. *Callahan*

6

*v. Vitesse Aviation Servs.*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.); *Eagle Remodel LLC v. Cap. One Fin. Corp.*, No. 05-22-00206-CV, 2023 Tex. App. LEXIS 4889, at *16 (Tex. App.—Dallas July 6, 2023, no pet.) (mem. op.). However, an exception to the general rule exists "when the amended petition essentially reiterates previously pleaded causes of action" and "when the original motion is broad enough to encompass the newly asserted claims." *Id.* at 350–51.

Here, Cabrera's claim for trespass to try title/quiet title merely reiterated claims made in his original petition, arguing that because Captex engaged in "an improper foreclosure sale in January, 2023, those fraudulent acts by Captex did not deprive Plaintiff of his ownership interests in the [Property], nor transfer any of Plaintiff's ownership interests to Captex." At its core, Cabrera's trespass claim depends on the same underlying set of facts as the original pleadings—the propriety of the January 2023 foreclosure sale and alleged fraud. Cabrera did not make new or different factual allegations, so the summary judgment evidence supporting Captex's proper ownership of the property was broad enough to encompass this theory. We overrule issue one.

Promissory Estoppel as an Exception to the Statute of Frauds

In his fourth issue, Cabrera argues the trial court failed to consider evidence proving promissory estoppel, an exception to the statute of frauds. The statute of frauds generally bars evidence that the parties made an oral agreement to postpone the foreclosure sale date. *See* TEX. BUS. & COM. CODE ANN. §§ 26.01(a), (b)(4), 26.02(b); *Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, 2019 Tex. App. LEXIS 3033, at *16–17 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) (mem. op.). But as a confession

7

and avoidance defense, promissory estoppel, if proven, would prevent Captex denying the enforceability of the promise. *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 936 (Tex. 1972).

As the party asserting promissory estoppel as a defensive plea, Cabrera possesses the burden to adduce evidence raising a fact issue to avoid the grant of summary judgment against him. *See "Moore" Burger, Inc.*, 492 S.W.2d at 937. In other words, he must show that Captex orally promised to sign an existing document "which itself complies with the statute of frauds." *Id; see also Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex. App.—Dallas 2002, pet. denied).

Viewing the record in the present case, we do not find the existence of legally sufficient evidence supporting the promissory estoppel exception. *Id.* The evidence does not indicate Captex agreed to execute an *existing* writing[8] to extend the foreclosure date for 60 days; rather, it states only that the parties agreed to an extension that "*would be* memorialized in writing." (emphasis added). See *Hairston v. S. Methodist Univ.*, 441 S.W.3d 327, 335 (Tex. App.—Dallas 2013, pet. denied) (holding that oral promise of a scholarship to "be signed later" failed to satisfy the promissory estoppel requirement of a writing sufficient to avoid the statute of frauds).

Moreover, for an extension of time for payment of a note to be binding, it must be supported by consideration. *Sudha Manandhar v. Jamshed*, No. 02-11-00027-CV, 2011 Tex. App. LEXIS 7131, at *11–12 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem.

---

[8] Such a writing must satisfy the statute of frauds when the oral promise is made. *"Moore" Burger, Inc.*, 492 S.W.2d at 940.

op.) (collected cases cited therein). Cabrera provides no evidence of consideration paid to extend the foreclosure sale. Viewing the summary judgment evidence in a light most favorable to Cabrera/Graca, we hold that Cabrera has failed to raise a fact issue related to an exception to the statute of frauds. As the statute of frauds bars all Cabrera's claims based on the alleged oral agreement, we hold that the trial court properly granted summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). We therefore overrule Cabrera's fourth and final issue.

## Conclusion

The trial court's summary judgment is affirmed.

Lawrence M. Doss
Justice