

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00041-CV

---

Frio County Appraisal District, Appellant

v.

Westview Ranch OTM Harmony LP, Appellee

---

On Appeal from the 81st/218th District Court
Frio County, Texas
Trial Court No. 23-12-00382CVF

---

## MEMORANDUM OPINION[1]

Appellant Frio County Appraisal District (Frio CAD) challenges the trial court's summary judgment declaring that Appellee Westview Ranch OTM Harmony LP (Westview) was entitled to a tax exemption under Texas Tax Code § 11.1825 in 2022 and 2023. We affirm.

## I. BACKGROUND

The relevant facts are undisputed. In 2021, Westview acquired and rehabilitated Westview

---

[1]. This appeal was transferred to us from the Fourth Court of Appeals under a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001. We apply that court's precedent to the extent it conflicts with our own. Tex. R. App. P. 41.3.

Ranch—a multi-family housing development—to provide affordable housing to low-income residents of Pearsall, Texas. For tax years 2022 and 2023, Westview sought a tax exemption for the development under Texas Tax Code § 11.1825, which applies to organizations that construct or rehabilitate real property to provide housing for persons who meet certain income requirements. Tex. Tax Code Ann. § 11.1825(a). Frio CAD denied the exemption. Westview filed a protest with Frio CAD's appraisal review board, which denied the protest after a hearing. Westview then filed this suit under Texas Tax Code Chapter 42 and sought summary judgment on whether it was entitled to the exemption.[2] The trial court granted summary judgment, declaring that "Westview Ranch . . . is exempt from taxation as provided by [§] 11.1825 . . . for tax years 2022 and 2023." This appeal followed.

## II. ISSUE ON APPEAL

Frio CAD's single issue on appeal is whether "[Westview's] organizational documents comply with [§ 11.1825(b)(4)] for giving low-income residents opportunities for input on the 'design, siting, development, and management of affordable housing projects' such that [Westview] . . . qualifies for exemption . . . under [§ 11.1825(b)]."

## III. STANDARD OF REVIEW AND APPLICABLE LAW

A party moving for a traditional summary judgment has the burden to submit sufficient evidence to establish on its face that "there is no genuine issue as to any material fact" and that the movant is "entitled to judgment as a matter of law." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014) (citing Tex. R. Civ. P. 166a(c)). That is, the movant "must conclusively prove every essential element of his claim or defense[.]" *George Fleming and Fleming & Associates, L.L.P. v. Wilson*, 694 S.W.3d 186, 190 (Tex. 2024). If the movant meets

---

[2] Under Chapter 42, a property owner may appeal to a district court a determination by an appraisal review board that a tax exemption was properly denied by an appraisal district. *See* Tex. Tax Code Ann. §§ 42.01(a), 42.21(a) (authorizing appeal of board's determination); § 41.41(a)(4) (authorizing protest of appraisal district's determination).

this burden, the burden shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements. *Amedisys*, 437 S.W.3d at 511. We review the granting of summary judgment de novo; in doing so, "we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018).

Statutory tax exemptions are strictly construed. *See Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021) (explaining that this standard applies because tax exemptions "undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally"); *see also N. Alamo Water Supply Corp. v. Willacy Cnty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991) ("[E]xemptions from taxation are not favored[.]").

Texas Tax Code § 11.1825(a) provides that "[a]n organization is entitled to an exemption from taxation of real property owned by the organization that the organization constructs or rehabilitates and uses to provide housing to individuals or families meeting [certain] income eligibility requirements[.]" Tex. Tax Code Ann. § 11.1825(a). To be entitled to this exemption, an organization must satisfy a number of requirements. *See id*. § 11.1825(b)(1)–(4). Here, the sole requirement at issue is that "the organization must have a formal policy containing procedures for giving notice to and receiving advice from low-income households residing in the county in which a housing project is located regarding the design, siting, development, and management of affordable housing projects." *Id*. § 11.1825(b)(4).

## IV. ANALYSIS

Westview argues it satisfied § 11.1825(b)(4) through its "Low Income Resident Participation Policy," which provides a mechanism for input from low-income individuals:

> The following policy has been adopted by On Track Ministries, Inc., a Texas non-profit corporation (the "Corporation") [i.e., the owner of Westview's general

3

partner[3]].

The purpose of this policy is to establish a mechanism by which low income individuals can advise the Corporation on the various decisions to be made regarding the management of any affordable housing property (a "Property") in which the Corporation has an ownership interest and the design, siting, development, and management of any other affordable housing communities originated by the Corporation. In furtherance of this policy, the Corporation shall accept public comment at all times via telephone, mail, e-mail, and other forms of communication. Such comments shall be submitted to . . . :

> Cliff McDaniel
> CliffMcD@aol.com
> 713-425-5404

As to "new developments," the policy provides that "[the Corporation] will solicit input from neighborhood associations and low-income beneficiaries in the community where the property will be located, prior to finalizing any plans for the development," and "shall make the community aware of such development of affordable housing through broadcast media, flyers, contact with a broad array of social service agencies, and newspaper articles." As to "existing developments," the policy provides that "the Corporation shall solicit input from the low income representative members of [its] Board of Directors."

In its main brief, Frio CAD argues that soliciting input from members of the Corporation's Board of Directors is insufficient because they all reside in Pflugerville, Texas, i.e., outside of Frio County, thus "input provided by these members . . . does not fulfill the statutory requirement, as it does not come from actual low-income households within Frio County." Frio CAD also contends Westview's policy "distinguishes between existing and new projects, but the Texas Tax Code does not," and this distinction "effectively bypasses the obligation to notify residents of existing properties." In its reply brief, Frio CAD additionally argues that "[t]he core deficiency in

---

[3] In addition to applying to a § 501(c)(3) tax-exempt entity if certain requirements are met, § 11.1825 also applies to a limited partnership affiliated with such an entity if certain requirements are met. *See* Tex. Tax Code Ann. § 11.1825(b), (c)–(e); *see also* 26 U.S.C. § 501. Here, it is undisputed that On Track Ministries, Inc. (a 501(c)(3) tax-exempt entity) and Westview (its affiliate) met all such requirements other than the communication mechanism requirement under § 11.1825(b)(4).

4

Westview's Policy is that it relies on passive methods such as accepting public comments via email and telephone," which "do not constitute meaningful participation, as they lack any guarantee that resident input will be incorporated into decision-making processes." In Frio CAD's view, the statutory language "giving notice to and receiving advice from" implies "an active, reciprocal engagement," but "emailing or phone calling is like a complaint box, which is not an adequate procedure to involve the community," and "[t]here is no indication that the low-income community even knows about the address to which someone might amorphously comment."

We are unpersuaded that the trial court erred in granting summary judgment in Westview's favor. While soliciting input from Corporation board members may not meet § 11.1825(b)(4)'s requirement for "giving notice to and receiving advice from low-income households residing in [Frio] county," this is only one of multiple communication mechanisms in Westview's policy. The policy also provides that the Corporation "shall accept public comment at all times via telephone, mail, e-mail, and other forms of communication," including through Cliff McDaniel at CliffMcD@aol.com and 713-425-5404, and "shall make the community aware of such development of affordable housing through broadcast media, flyers, contact with a broad array of social service agencies, and newspaper articles." Further, as Frio CAD itself notes, the Tax Code contains no separate requirements relating to existing properties, and we do not agree that the policy "bypasses" residents of such properties, given the notice and access through the above-described mechanisms.

In addition, while Frio CAD argues that telephone and email communications are "passive" rather than "active" and akin to "a complaint box, which is not an adequate procedure," Frio CAD cites nothing in the statute itself or any other authority suggesting that the use of such communication mechanisms does not comply with the statute. To the extent Frio CAD asks us to read into the statute an "active, reciprocal engagement" requirement, we are unable to do so. *See Odyssey 2020 Acad.*, 624 S.W.3d at 543 ("A court may not judicially amend a statute by adding

5

words[.]"). Finally, while Frio CAD argues that "[t]here is no indication that the low-income community even knows about" Cliff McDaniel's contact information, the statute contains no requirement that Westview present proof of the community's actual knowledge of such information.

We overrule Frio CAD's single issue.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's summary judgment declaring that Westview was entitled to a tax exemption under § 11.1825 for tax years 2022 and 2023.


LISA J. SOTO, Justice

January 12, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.