

# NUMBER 13-23-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JESSICA GALVAN,                                                     Appellant,

v.

RVOS FARM MUTUAL
INSURANCE COMPANY,                                                  Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion on Rehearing by Chief Justice Contreras**

This is an appeal of a summary judgment dismissing a lawsuit by appellant Jessica

Galvan against her insurer, RVOS Farm Mutual Insurance Company (RVOS). By what

we construe as two issues, Galvan contends that the trial court erred by (1) granting

summary judgment in favor of RVOS on limitations grounds, and (2) refusing to order mediation pursuant to statute. We affirm.

## I.   BACKGROUND

Galvan's house in Aransas Pass was damaged by Hurricane Harvey on August 29, 2017, and she filed a claim with RVOS. On February 19, 2019, her counsel sent a letter to RVOS complaining that RVOS's adjuster's estimate of Galvan's amount of loss is "substantially different" from "an estimate performed by an independent expert" retained by Galvan.[1] The letter alleged that the adjuster "did not perform an adequate inspection or was not adequately trained," that RVOS breached the policy, and that RVOS committed various violations of Chapters 541 and 542 of Texas Insurance Code and the Deceptive Trade Practices Act (DTPA). Also in the February 19, 2019 letter, Galvan's counsel invoked the appraisal process as set forth in her policy.

On March 28, 2019, Galvan sued RVOS in county court, and she filed an amended petition on May 8, 2019. On September 13, 2022, Galvan attempted to file a second amended petition making claims under the Texas Insurance Code and DTPA; however, the county court denied her leave to file the second amended petition and struck her third amended petition.[2]

---

[1] The "independent" estimate is not attached to the copy of the February 19, 2019 letter in the record, but it was attached to Galvan's response to RVOS's 2023 summary judgment motion. The estimate, prepared by Quantum Claim Consulting Services on behalf of Galvan's counsel, reflects a total amount of loss of $328,741.07.

[2] Galvan's county court petitions do not appear in the appellate record.

On September 22, 2022, an appraiser issued an award,[3] and RVOS issued a check to Galvan several days later.[4] Galvan non-suited her county court claims without prejudice on February 6, 2023, two days before trial was set to begin.

Galvan then filed the instant suit in district court on July 6, 2023. Among other things, she alleged in her 96-paragraph, 11,864-word petition that RVOS "failed to properly adjust" her claim, "summarily improperly paid the claim," "failed to perform its contractual duty to adequately compensate [her] under the terms of the policy," "misrepresented . . . that the damage to the property was not in excess [of] the amount paid," "failed to conduct a reasonable investigation," "failed to make an attempt to settle [her] claim in a fair manner," "failed to explain to [her] the reasons for its offer of an inadequate settlement," "failed to affirm or deny coverage . . . within a reasonable time," "failed to accept or deny [her] full and entire claims within fifteen (15) business days," "delayed full payment of [her] claims longer than allowed," "engaged in a pattern of delay and obstruction in processing [her] claim," "intentionally hired inexperienced adjusters," "concealed and hid information or documentation that would have assisted [her] in processing the claim," "engaged in a pattern of misrepresentations and omissions," "intentionally misled [her] into believing that [her] claim was being handled in a fair and objective manner," and "failed to obtain and consider all relevant evidence." Galvan alleged breach of contract, anticipatory breach of contract, breach of the duty of good faith and fair dealing, violations of Chapter 541 of the insurance code ("Unfair Methods of

---

[3] The appraisal award document was attached to Galvan's summary judgment response in 2023. Under "Total Amount Awarded," the document states $402,684.23 for "Replacement Cost Value" and $299,700.87 for "Actual Cash Value."

[4] The record does not reflect the exact amount of the check. It is undisputed that Galvan cashed it shortly after it was issued.

Competition and Unfair or Deceptive Acts or Practices"), violations of Subchapter B of Chapter 542 of the insurance code ("Prompt Payment of Claims"), violations of the DTPA, fraud, and conspiracy. Galvan further alleged that, "[a]s a direct result of [RVOS]'s bad faith conduct," she suffered "significant financial loss" and "substantial mental anguish," which she claimed was an "independent injury" unrelated to the breach of the policy. She requested damages in the "amount of the policy benefits withheld," consequential damages for "mental anguish," exemplary damages, attorney's fees, pre-judgment interest under § 304.104 of the Texas Finance Code, and post-judgment interest under insurance code Chapter 542. RVOS answered the suit, generally denying the allegations and asserting affirmative defenses including limitations.

On August 8, 2023, Galvan filed a "Motion to Compel Mediation Pursuant to § 541.161 of the Texas Insurance Code and § 17.5051 of [the] Texas Business and Commerce Code." RVOS filed a response arguing that Galvan's motion to compel mediation was untimely. RVOS also moved for traditional summary judgment on grounds that Galvan's suit was barred by a contractual limitations provision. Galvan filed a response to the summary judgment motion which stated, in part, that she was abandoning her fraud and conspiracy claims.

After a hearing on October 31, 2023,[5] the trial court denied Galvan's motion to compel mediation, granted RVOS's summary judgment motion, and rendered judgment providing that Galvan take nothing by way of her claims. This appeal followed.[6]

---

[5] RVOS's attorney appeared at the hearing but arrived too late to make any argument.

[6] On March 7, 2024, this Court issued a memorandum opinion dismissing this appeal for want of prosecution. *Galvan v. RVOS Farm Mut. Ins.*, No. 13-23-00498-CV, 2024 WL 1550607, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 9, 2024, no pet.) (mem. op.); *see* TEX. R. APP. P. 37.3(b), 42.3(b), (c). Galvan later filed an unopposed motion for rehearing. On April 9, 2024, we granted the motion for rehearing and withdrew the previously-issued memorandum opinion and accompanying judgment.

## II. DISCUSSION

### A. Summary Judgment

By what we construe as her first issue, Galvan contends the trial court erred in granting summary judgment on limitations grounds because: (1) her claims accrued "upon the disputed payment of the appraisal award"; (2) the residual four-year statute of limitations applies; (3) the contractual limitations period of two years and one day does not apply. Galvan also argues by this issue that summary judgment was improper because: (1) RVOS violated Chapter 542 of the insurance code; (2) her extra-contractual claims "do not depend" on her breach of contract action; and (3) statutory interest is not barred by limitations.

### 1. Standard of Review and Applicable Law

A movant for traditional summary judgment has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A defendant who conclusively establishes an affirmative defense, such as limitations, is entitled to summary judgment on that claim. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021) (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)). If the movant meets its burden, "the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the non-movant produces more than a scintilla of evidence to raise a fact issue on the challenged elements, then summary judgment is improper. *Amedisys*, 437 S.W.3d at 511; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

We review summary judgments de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). The evidence is viewed in the light most favorable to the non-movant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## 2. Arguments

In its summary judgment motion, RVOS argued that all of Galvan's claims are subject to the limitations provision contained in Galvan's policy, which broadly stated: "No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues." *See Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ) ("Insurance provisions that limit the time within which to file a suit to two years and a day are valid and binding."); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a) ("A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state."). RVOS further noted that, even if the contractual limitations provision does not apply to Galvan's statutory claims, the DTPA and insurance code also contain two-year limitations provisions. *See* TEX. BUS. & COM. CODE ANN. § 17.565 ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."); TEX. INS. CODE ANN. § 541.162(a) ("A person must bring an action under this chapter before the second anniversary of the following: (1) the date the unfair method of competition or unfair or deceptive act or practice occurred; or (2) the date the person

6

discovered or, by the exercise of reasonable diligence, should have discovered that the unfair method of competition or unfair or deceptive act or practice occurred.").

According to RVOS, Galvan's claims accrued on February 27, 2018, when RVOS sent a letter to her counsel which ostensibly included "a copy of your estate and statement of loss" and which stated: "We are aware that there may be differences in our estimate as opposed to cost quotes you have obtained on your own." RVOS asserted that Galvan's claims accrued at that time because the letter notified her that "some of [her] claim was being denied, and the payment was less than [she] had sought." RVOS also argued that Galvan's counsel's February 19, 2019 letter is "further evidence" that Galvan "had knowledge that facts came into existence that authorized her to seek a judicial remedy." Because Galvan's district court suit was brought more than two years and one day later, RVOS argued that it is barred by the contractual limitations provision.

RVOS further argued that, since Galvan's claim for breach of the policy is time-barred, her statutory claims are also barred because she cannot establish an "independent injury" arising from statutory violations. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018) (noting that "if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits," but "[w]hen an insured seeks to recover damages that are predicated on, flow from, or stem from policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits").

In her summary judgment response, Galvan conceded that the contractual limitations provision applied to her policy-based claims. She asserted, however, that

those claims accrued only "upon the disputed payment of the appraisal award" in September of 2022. She specifically alleged that, although RVOS paid her "amounts the appraisal award identified" at that time, it "failed to pay [her] any attorneys' fees or statutory interest." She further argued that RVOS's February 27, 2018 letter did not trigger accrual of her claims because it "merely indicated potential discrepancies in cost estimates, not a complete denial of the claim." Galvan also asserted that her claims for violation of Chapter 542 of the insurance code are not subject to a two-year limitations period but rather are subject to the residual four-year limitations period set forth in the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").

### 3. Analysis

The controlling question in this case is when Galvan's claims accrued. Generally, a claim accrues, and limitations begins to run, "when the defendant's wrongful conduct causes the claimant to suffer a legal injury, which gives the claimant the right to seek a judicial remedy." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021). That is, a claim accrues "when injury occurs, not afterward when the full extent of the injury is known." *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542–53 (Tex. 2017); *see Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) ("Generally, a cause of action accrues when a wrongful act causes a legal injury.").

> [A] defendant's wrongful conduct may breach multiple legal duties, produce multiple legal injuries, or cause multiple types of damages, and thus give rise to multiple causes of action. Because each claim or cause of action may allege different legal injuries, they could—at least in theory—each

8

accrue at different times, even though they arise from the same wrongful conduct. But under the single-action rule, a defendant's wrongful conduct gives rise to a single, indivisible action in which the claimant must pursue all claims for all damages resulting from all injuries that arise from the wrongful conduct, and those claims all accrue when the first such injury occurs.

*Regency Field Servs.*, 622 S.W.3d at 815 (internal citations omitted).

Here, Galvan's voluminous petition contains a litany of allegations against RVOS, only some of which correspond to specific factual allegations for which precise accrual dates can be gleaned from the record. Nevertheless, it is apparent that all of Galvan's claims—whether based on alleged policy breaches or statutory violations—ultimately stem from RVOS's initial decision regarding her amount of loss. *See id.* Galvan was advised of that decision via RVOS's letter to her counsel on February 27, 2018. And, as indicated by that letter and by her counsel's letter of February 19, 2019, Galvan was aware that RVOS's conclusion as to the amount of loss was "substantially different" from her own.[7] Galvan thus suffered her legal injury no later than February 19, 2019. The instant suit was filed on July 6, 2023. Accordingly, regardless of whether a two-year or four-year limitations period applies, Galvan's suit was untimely.

Galvan appears to assert that her claims at least partially accrued when RVOS paid her the appraisal award in September of 2022. However, as noted, she acknowledged in her summary judgment response that "[RVOS] paid [her] amounts the appraisal award identified." Galvan complained that RVOS "failed to pay [her] any attorneys' fees or statutory interest" along with the appraisal award, but she did not allege any facts or cite any authority establishing that the appraiser was required to award those

---

[7] Notably, counsel's February 19, 2019 letter specifically alleged that RVOS breached the policy, violated the DTPA, and violated Chapters 541 and 542 of the insurance code, just as Galvan alleged in her district court suit.

amounts or that RVOS was required to pay them.[8] Under these circumstances, we conclude that RVOS established its entitlement to judgment as a matter of law and Galvan failed to raise an issue of material fact as to limitations. Therefore, the trial court did not err in granting summary judgment on this basis. Galvan's first issue is overruled.

## B.     Motion to Compel Mediation

By what we construe as her second issue on appeal, Galvan argues that the trial court erred by denying her motion to compel mediation under the DTPA and Chapter 541 of the Texas Insurance Code. The DTPA prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." TEX. BUS. & COM. CODE ANN. § 17.46(a). The statute contains the following provision concerning mediation:

> (a)     A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

> (b)     The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

*Id.* § 17.5051. Chapter 541 prohibits unfair and deceptive practices in the business of insurance specifically, and it contains a substantially identical mediation provision. *See* TEX. INS. CODE ANN. §§ 541.001, 541.161.

---

[8] Chapter 542 of the insurance code provides generally that,

> if an insurer that is liable for a claim under an insurance policy is not in compliance with [Chapter 542, Subchapter B], the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.

TEX. INS. CODE ANN. § 542.060(a). To the extent Galvan was seeking interest and fees under this statute, any claim thereunder would have accrued more than two years and one day prior to her filing suit.

At the hearing on Galvan's motion, her counsel acknowledged that she initially filed suit in county court in 2019. He stated "there was an attempted settlement" and "[a]t that point the case was dismissed, but then it was refiled subsequently when the insurer refused to pay the entirety of the amounts due, including attorney's fees, and for that reason the case was refiled" in district court. Counsel argued that "it would benefit the [c]ourt and the parties by reducing costs in attempting to arrive at a settlement through mediation what they could not achieve on their own." In denying the motion, the trial court stated "you don't get a second bite at that apple by nonsuiting the original case that might have had timely consideration to mediation and filing a new lawsuit and attempting to get relief and get an order from the Court that you didn't try to get the first time around."

On appeal, Galvan's argument with respect to this issue is entirely contingent on a finding that the trial court erred by granting summary judgment on limitations grounds. However, we have already concluded that the trial court did not so err. Therefore, we overrule Galvan's second issue.

### III.   CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
28th day of August, 2024.

11