

# NUMBER 13-23-00594-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **SOUTH TEXAS COLLEGE,** | **Appellant,** |

**v.**

| | |
|---|---|
| **ANGELICA M. GARCIA,** | **Appellee.** |

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 10
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras[1] and Justices Longoria and Peña**
**Memorandum Opinion by Justice Longoria**

By four issues, appellant South Texas College (STC) argues that the trial court

erred by denying its motion for summary judgment in a suit brought by appellee Angelica

M. Garcia. STC contends that its sovereign immunity was not waived because Garcia did

---

[1] Chief Justice Dori Contreras was a member of the panel at the time this matter was submitted for oral argument but did not participate in this memorandum opinion. *See* TEX. R. APP. P. 41.1(b).

not establish (1) an age discrimination claim, (2) a retaliation claim, (3) a hostile work environment claim, or (4) that the non-discriminatory reason offered by STC for her termination was pretextual. We reverse and render.

## I. BACKGROUND

Garcia worked as a librarian at STC beginning in 2001. On or about March 20, 2019, she suffered an injury on the job. According to Garcia, when she returned to work after the injury, she learned that her supervisor Elizabeth Hollenbeck had improperly shared information about the injury with her co-workers. Garcia contacted STC's human resources department, which advised Hollenbeck that employees' protected health information must remain confidential. Garcia contends that Hollenbeck then "began to exhibit a negative attitude" toward her, resulting in a hostile work environment. On July 19, 2019, Garcia sent a letter to STC's human resources department complaining of Hollenbeck's behavior. On July 19, 2020, she wrote a second letter to human resources complaining of additional incidents and asserting that she had been retaliated against for submitting the original complaint letter. Garcia's employment was eventually terminated on or about July 31, 2020. She was 43 years old at the time of the termination.

After exhausting administrative remedies, Garcia filed this suit on December 9, 2021, alleging that she was the victim of age discrimination and retaliation under the Texas Commission on Human Rights Act (TCHRA). STC answered the suit and filed a motion for summary judgment, on both traditional and no-evidence grounds, arguing that the trial court lacked subject matter jurisdiction because its sovereign immunity to suit was not waived. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019) (holding a governmental unit may assert immunity through either a traditional or

2

no-evidence motion for summary judgment). STC attached various pieces of evidence to the motion, including a letter dated February 3, 2020, in which Hollenbeck warned Garcia that her "planning for Spring 2020 programs is far behind schedule" and that her "current level of job performance is not satisfactory" and "warrants the issuance of a Conduct and Performance Improvement Plan." The evidence also included a memorandum from Hollenbeck and associate dean of library services Lisa Walters dated June 3, 2020, explaining that Garcia "failed to satisfactorily complete the Conduct and Performance Improvement Plan" and recommending her termination for that reason. Garcia filed a response to the motion which included a transcript of her deposition testimony.

After hearing argument, the trial court denied the summary judgment motion and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (permitting immediate appeal of interlocutory order which "grants or denies a plea to the jurisdiction by a governmental unit"); *Town of Shady Shores*, 590 S.W.3d at 549 (noting that § 51.041(a)(8) "allows an interlocutory appeal to be taken when 'the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise'" (quoting *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)).

## II. DISCUSSION

### A. Standard of Review

A summary judgment motion may be brought on traditional or no-evidence grounds. *See* TEX. R. CIV. P. 166a. A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home*

3

*Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A movant for no-evidence summary judgment alleges that, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the other party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). If a proper no-evidence summary judgment motion is filed, the nonmovant has the burden to produce evidence of the specified elements. *See id.*

Under either summary judgment standard, if the nonmovant produces more than a scintilla of evidence to raise a fact issue on the challenged elements, then summary judgment is improper. *Amedisys, Inc.*, 437 S.W.3d at 511; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010).

We review summary judgments de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). "[I]n evaluating the parties' evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528–29 (Tex. 2022).[2]

---

[2] Garcia contends that, because STC did not request findings of fact or conclusions of law and the trial court did not issue any, we must "imply all findings necessary to support the judgment." However, at the summary judgment stage, findings of fact and conclusions of law "can have no purpose and should not be requested, made, or considered on appeal." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441, 443 (Tex. 1997) (noting that "if summary judgment is proper, there are no facts to find, and the

**B.  TCHRA**

The TCHRA prohibits employers from discriminating against employees who are forty years of age or older based on age. TEX. LAB. CODE ANN. §§ 21.051, 21.101. The TCHRA also prohibits employers from retaliating against employees for engaging in certain protected activities, such as reporting discrimination internally or filing a charge of discrimination with the Texas Workforce Commission. *See id.* § 21.055. Because the TCHRA was modeled after analogous federal statutes, *see id.* § 21.001(1), (3), we take guidance from federal cases in our application of the law. *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021).

When TCHRA cases are based on circumstantial evidence, as here, Texas courts employ the three-part *McDonnell Douglas* burden-shifting framework. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781–82 (Tex. 2018) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973)).[3] First, the employee must establish a prima facie case of discrimination or retaliation, which gives rise to a rebuttable presumption that a statutory violation occurred. *Id.* at 782 (citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–54 (1981)).[4] "Although the precise elements of this

---

legal conclusions have already been stated in the motion and response"). Instead, we take all evidence favorable to the nonmovant as true, *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528–29 (Tex. 2022), and we will affirm if any theory presented to the trial court and preserved for appellate review is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

[3] When direct evidence of discrimination or retaliation exists, the *McDonnell Douglas* burden-shifting framework is not implicated. *Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 308 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)). "Direct evidence of discrimination is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Id.* at 307 (quoting *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)). Garcia does not allege that there is direct evidence of discrimination or retaliation in this case.

[4] In her appellee's brief, Garcia repeatedly argues that STC "failed to negate any jurisdictional facts" she alleged with respect to her claims. However, the initial burden was on Garcia to establish a prima facie case. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781–82 (Tex. 2018); *see* TEX. R. CIV. P. 166a(i).

showing will vary depending on the allegations, . . . the plaintiff's burden at this stage of the case 'is not onerous.'" *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001) (quoting *Burdine*, 450 U.S. at 253). Second, the employer may rebut this presumption by offering a legitimate, nondiscriminatory reason for the disputed employment action. *Alamo Heights*, 544 S.W.3d at 781–82 (citing *Burdine*, 450 U.S. at 254–55). This is a burden of production, not persuasion, and involves no credibility assessment. *Reeves v. Anderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Third, if the employer successfully rebuts the presumption, then the employee must produce "evidence that the employer's stated reason is false and a pretext for discrimination." *Alamo Heights*, 544 S.W.3d at 782 (citing *Burdine*, 450 U.S. at 255–56).

The TCHRA waives a governmental unit's sovereign immunity "only when the plaintiff states a claim for conduct that actually violates the statute." *Id.* at 770; *see* TEX. LAB. CODE ANN. § 21.254 (permitting an employee to "bring a civil action against" their employer). A plaintiff who fails to allege a viable claim under the TCHRA is subject to dismissal for want of jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012). For claims against government employers, each step of the *McDonnell Douglas* analysis is jurisdictional in nature. *Alamo Heights*, 544 S.W.3d at 783.

## C. Age Discrimination

To establish a prima facie case of age discrimination, Garcia had the burden to show: (1) she was a member of the protected class (i.e., forty years of age or older); (2) she was qualified for the position at issue; (3) she suffered a final, adverse employment action; and (4) she "was either (a) replaced by someone significantly younger or (b) otherwise treated less favorably than others who were similarly situated

6

but outside the protected class." *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020). It is undisputed that the first three elements were met in this case. STC argues by its first issue that Garcia's age discrimination claim should be dismissed because she did not establish the fourth element.

STC notes that, according to evidence submitted at Garcia's deposition, the new employee hired to replace her was 38 years of age—only five years younger than Garcia. It therefore argues that she was not "replaced by someone significantly younger." *See id.*; *see also Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 306 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (noting that, "[f]or an inference of age discrimination to be drawn, the replacement cannot be 'insignificantly younger' than the plaintiff" (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996))). STC cites *Texas Veterans Commission v. Lazarin*, in which we noted that "[c]ourts have held that a five-year difference between an employee and her replacement is insufficient as a matter of law to create an inference of discrimination." No. 13-15-00045-CV, 2016 WL 552117, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 11, 2016, pet. denied) (mem. op.) (quoting *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 740 (S.D. Tex. 2014)); *see also Grosjean v. First Energy Corp.*, 349 F.3d 332, 338 (6th Cir. 2003) (noting that "[t]he overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination prima facie case" and collecting cases).

Garcia does not allege that her replacement was "significantly younger" than her. Rather, she contends in her summary judgment response and on appeal that "persons younger than her have been treated more favorably by [STC]." *See Flores*, 612 S.W.3d

at 305 (setting forth two alternative manners by which the fourth age-discrimination element may be established). Indeed, it is undisputed that Garcia's replacement was outside of the protected class (she was under forty years of age) and was treated more favorably than Garcia (she was hired after Garcia was terminated).

However, under the applicable law, to establish the fourth age-discrimination element in this manner, Garcia also had to provide prima facie proof that the more-favorably-treated employee was "similarly situated" to her. *Id*. "'Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct.'" *Id.* at 305, 312 (quoting *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005)). "Though their circumstances need not be 'identical,' they must be 'nearly identical.'" *Id.* at 312 (first quoting *Monarrez*, 177 S.W.3d at 917 n.3; and then quoting *AutoZone v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam)). "Employees with different responsibilities, supervisors, capabilities, work rule violations, or disciplinary records are not considered to be 'nearly identical.'" *Id.*

Garcia has never alleged or provided any evidence that her replacement, or any other more-favorably-treated employee, was "similarly situated" to her or had comparable responsibilities or disciplinary records. *See id.* Nor has she alleged or provided any evidence of facts which would support such a finding. On appeal, Garcia points to no evidence in the record in this regard, and we find none. Accordingly, even taking all evidence in favor of Garcia as true, we conclude that she failed to meet her burden to establish a prima facie case of age discrimination. The trial court therefore erred by denying STC's motion for summary judgment on this claim. *See Alamo Heights*, 544 S.W.3d at 770. We sustain STC's first issue.

8

**D.     Retaliation**

STC argues by its second issue that Garcia failed to establish a prima facie case of retaliation. To do so, Garcia had the burden to show (1) she engaged in an activity protected by the TCHRA, (2) she experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Lara*, 625 S.W.3d at 58.

In its summary judgment motion, STC contended that Garcia did not engage in any activity protected by the TCHRA and that, even if she had, there is no causal link between any protected activity and any adverse employment action. *See id.* The activities protected by the statute are: (1) "oppos[ing] a discriminatory practice" under the TCHRA; (2) "mak[ing] or fil[ing] a charge" under the TCHRA; (3) "fil[ing] a complaint" under the TCHRA; or (4) "testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing" under the TCHRA. TEX. LAB. CODE ANN. § 21.055. "[T]o invoke the protections of [§] 21.055, the conduct relied on by the employee 'must, at a minimum, alert the employer to the employee's reasonable belief that unlawful discrimination is at issue.'" *Lara*, 625 S.W.3d at 59 (quoting *Alamo Heights*, 544 S.W.3d at 786). "[A]lthough '[m]agic words' are not required to invoke the TCHRA's anti-retaliation protection, complaining only of 'harassment,' 'hostile environment,' 'discrimination,' or 'bullying' is not enough." *Id.* (quoting *Alamo Heights*, 544 S.W.3d at 786–87).

With regard to retaliation, Garcia generally alleged in her petition that STC "wrongfully terminated her because she exercised her statutory rights" under the

TCHRA.[5] In her summary judgment response and on appeal, she specifically claims that she "opposed a discriminatory practice" under § 21.055(1) "when she contacted Jim Navarro, Employee Relations Officer, on May 9[], 2021[,] and notified him of the hostile work environment that [she] was being subjected to by Ms. Hollenbeck." *See* TEX. LAB. CODE ANN. § 21.055(1). She alleges that Navarro "suggested speaking with [] Dr. Jesus H. Campos, Dean of Library & Learning Support Services, with the hope of getting matters resolved." She alleges that she met with Campos and requested to be transferred to a different campus, "but his response was just, 'Do your best.'" Finally, she alleges that, "[s]hortly after" she "filed a complaint" with Campos, Campos sent an email to Walter and Hollenbeck describing the meeting she had with Campos. Garcia thus claims that Campos "met with [her] and was (1) aware of Garcia's complaints of discriminatory conduct and (2) provided [Hollenbeck] with an email outlining his meeting with Garcia."

In support of all of these factual allegations, Garcia points to three specific pages of her 63-page deposition testimony. Those pages establish that she met with Campos and that Campos denied her request to be transferred and told her to "[d]o [her] best." However, they do not establish the date of the meeting, nor do they establish any of the other facts claimed by Garcia in her summary judgment response and on appeal.

It is unclear what protected activity Garcia is claiming to have engaged in to support

---

[5] Garcia's petition also alleged the following:

On or about May 8[], 2019, [Garcia] was subjected to retaliation by Ms. Hollenbeck. Ms. Hollenbeck addressed [Garcia] and her colleagues in a harsh tone as she asked them what they were doing. Ms. Hollenbeck then looked at [Garcia] and said, "And you go back to your desk. You've been out for twenty minutes already!" Ms. Hollenbeck then sent an email regarding socializing at work.

Garcia did not argue in her summary judgment response, nor does she on appeal, that she was the victim of actionable retaliation in 2019.

her retaliation claim. To the extent she argues she engaged in a protected activity by contacting Navarro on May 9, 2021, that cannot serve as the basis for a retaliation claim because the adverse employment actions which Garcia suffered occurred prior to that date. To the extent she argues she engaged in a protected activity by "fil[ing] a complaint" with Campos, there is nothing in the record indicating that Campos was made aware that Garcia was claiming "unlawful discrimination" on the basis of age or otherwise. *See Lara*, 625 S.W.3d at 59 (noting that "complaining only of 'harassment'" or "'discrimination'" is "not enough" to show a protected activity).[6] More broadly, Garcia does not point to any evidence, and we find none, indicating that STC or any of its employees were ever alerted that Garcia was alleging discrimination under the TCHRA prior to the time she was terminated. Having reviewed the record evidence in the light most favorable to Garcia, we conclude she failed to meet her burden to show a prima facie case of retaliation under the TCHRA. The trial court therefore erred in denying STC's summary judgment motion as to that claim.

STC's second issue is sustained.

## E.    Hostile Work Environment

STC argues by its third issue that the trial court erred by denying its summary judgment motion as to Garcia's hostile work environment claim. The elements of a prima facie case of hostile work environment are: (1) the employee belongs to a protected group; (2) the employee was subjected to "unwelcome harassment"; (3) the harassment was based on the protected characteristic; (4) the harassment affected a term, condition,

---

[6] This analysis would also apply to the extent Garcia claims she participated in protected activities by filing complaints with human resources on July 19, 2019, and July 19, 2020. There is no allegation or evidence that these complaints concerned discrimination on the basis of age.

11

or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Anderson v. Hous. Cmty. Coll. Sys.*, 458 S.W.3d 633, 646 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 325 n.14 (Tex. App.—Texarkana 2008, pet. denied); *see also Chau v. Harlingen Med. Ctr.*, No. 13-15-00115-CV, 2016 WL 1072619, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 17, 2016, pet. denied) (mem. op.). An employee complaining of harassment by a supervisor need only show the first four elements. *Anderson*, 458 S.W.3d at 646.

A hostile work environment claim "entails ongoing harassment, based on the plaintiff's protected characteristic, so sufficiently severe or pervasive that it has altered the conditions of employment and created an abusive working environment." *Bartosh*, 259 S.W.3d at 324 (citing *Meritor Savs. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). In determining whether a hostile work environment exists, courts look to all of the circumstances, including the frequency of the discriminatory conduct and whether it unreasonably interfered with the employee's work performance. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 806 (Tex. 2010).

Garcia generally alleged in her petition that, during the last six months of her employment, she was "subjected to . . . a hostile work environment on account of her age." In her summary judgment response and on appeal, Garcia argues she testified that Hollenbeck's conduct "affected a 'term, condition or privilege of employment' and that the harassing conduct was sufficiently severe or pervasive [as] to alter [her] condition[]s of employment." She has not referenced any portion of the record in support of this contention, either in her summary judgment response or on appeal. *See* TEX. R. APP. P.

38.1(i) (providing that an appellant's brief must contain "appropriate citations to authorities and to the record"), 38.2(a)(1) (providing generally that an appellee's brief must conform to the requirements of Rule 38.1).

Out of an abundance of caution and in our sole discretion, we have reviewed the entirety of Garcia's deposition testimony. When Garcia was asked to describe her hostile work environment claim, she stated: "It was a lot of tension in the office. You know, I tried to do my best. I would work to the best of my abilities. But sometimes it was not enough for my supervisor." She claimed that Hollenbeck was "hostile" to her, and when asked how, she replied:

> There was this one incident that I was casually —I was saying hello to two part-time employees at the office where I was at—next door to the office where I used to be at, and she abruptly comes in, and she says, "You have been out of your desk for 20 minutes already. Go back to your area."

> I said okay. You know, so I mean, any—no one speaks to anyone in that manner. And it was—it was very uncomfortable. It was not 20 minutes. If anything, maybe it was just a casual hello, how are you, I go back to my area. It was in the morning, casually saying hi to coworkers.

Garcia said she suspected that Hollenbeck was "trying to find the smallest thing to find something to get—terminate me, to get rid of me." When asked why Hollenbeck wanted her fired, she stated: "[P]ossibly to bring in someone that she possibly got along better with." Garcia did not explain any other instances of hostility, and she did not state any facts which would create more than a "mere surmise or suspicion" that Hollenbeck's behavior toward her was based on her age. *See Jelinek*, 328 S.W.3d at 532. Accordingly, she has not established a prima facie case with respect to her hostile work environment claim. *See Anderson*, 458 S.W.3d at 646; *Bartosh*, 259 S.W.3d at 324. We sustain STC's third issue and need not address its fourth issue. *See* TEX. R. APP. P. 47.1.

13

### III.  CONCLUSION

Garcia argues that "[i]f there is a defect in pleading in this case, it warrants remanding to the trial court for the opportunity to amend." However, the sufficiency of Garcia's pleading is not at issue in this case. Instead, the issue is whether she produced evidence, in response to STC's summary judgment motion, supporting a prima facie case so as to waive STC's governmental immunity. *See Town of Shady Shores*, 590 S.W.3d at 551; *Alamo Heights*, 544 S.W.3d at 782; *see also* TEX. R. CIV. P. 166a(i). Because she failed to do so with respect to any of her claims, the trial court erred in denying summary judgment.

The trial court's judgment is reversed, and we render judgment granting STC's motion for summary judgment and providing that Garcia take nothing by way of her claims.

NORA L. LONGORIA
Justice

Delivered and filed on the
23rd day of December, 2024.