Opinion issued January 22, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00399-CV
_____

**HARRIS COUNTY, Appellant**

**V.**

**MICHAEL J. HALL, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-58319**

---

## MEMORANDUM OPINION

Appellant Harris County (the "County") challenges the trial court's order denying its plea to the jurisdiction and summary judgment motion in an employment discrimination suit brought by appellee Michael J. Hall. The County contends that the trial court erred because Hall failed to produce evidence

generating a fact issue as to whether the County's governmental immunity to suit was waived. We reverse and render judgment dismissing Hall's claims against the County.

## Background

Hall began working for the Harris County Sheriff's Office ("HCSO") in 2012 as a detention officer and subsequently as a detention training officer in the Harris County Jail. The essential duties of a detention officer in the Harris County jail include the proper care, custody, and control of inmates housed in the County's jail facilities.

Beginning in 2020, Hall started missing work, sometimes without letting the County know of his intended absence. He last reported to work in May 2020. In August 2020, he was advised that he would soon exhaust his paid leave. In October 2020, Hall requested a six-month leave of absence ("LOA") due to a diagnosis of Non-Alcoholic Cirrhosis of the Liver Stage IV and the need for subsequent surgery, treatment, and recovery. The request was approved. In April 2021, Hall submitted a second LOA request for six additional months of leave. The request was approved.

On September 1, 2021, he requested to transfer to a civilian position, claiming, among other restrictions, that he could not have any contact with inmates. The request was denied. On September 15, 2021, Hall submitted a third

LOA request, stating that he could not work and requesting another six-month leave. The request was denied. Following the third LOA request, the HCSO terminated Hall's employment effective October 6, 2021. The termination letter cited Hall's lack of current Commission of Law Enforcement ("TCOLE") license. The letter stated that his leave of absence was rescinded due to a poor attendance record.

Hall filed an EEOC complaint with the Texas Workforce Commission on Civil Rights alleging discrimination based on disability and retaliation. He then sued the County alleging violations of the Texas Commission on Human Rights Act ("TCHRA"), specifically that he was discriminated and retaliated against because of his disability.

The County filed a plea to the jurisdiction and motion for summary judgment asserting its immunity and arguing Hall failed to establish that immunity had been waived. The County alleged that Hall failed to establish a prima facie case of disability discrimination or retaliation, that Hall had not exhausted his administrative remedies with regard to his retaliation and aiding and abetting discrimination claims, and that there was no cause of action for practice and pattern discrimination for which governmental immunity can be waived. The County attached as evidence Hall's attendance record, LOA requests, transfer requests, emails related to his requests, the Sherriff's office's transfer and leave

3

policies, Hall's deposition, and records of Hall's long term disability payments. Hall responded and attached his own declaration and deposition excerpts from various HCSO employees.

The trial court denied the County's plea to the jurisdiction and summary judgment motion. This interlocutory appeal followed.[1]

## Standard of Review and Applicable Law

### A. Governmental Immunity and Plea to the Jurisdiction

Governmental units are immune from suit unless immunity is clearly and unambiguously waived by state law. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *see* TEX. GOV'T CODE § 311.034 ("[I]n order to preserve the legislature's interest in managing state fiscal matters through the appropriates process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Because governmental immunity is jurisdictional, it is properly raised through a plea to the jurisdiction, which we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (stating that an immediate appeal may be taken from an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit); *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 n.1 (Tex. 2019) (noting that an interlocutory appeal may be taken under § 51.014(a)(8) "from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment") (internal citation removed).

4

A plea to the jurisdiction is a dilatory plea that functions generally to defeat an action without regard to whether the plaintiff's asserted claims have merit. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The plea challenges the trial court's subject matter jurisdiction. *Bland Indep Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction and "[w]hether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction" are questions of law that we review de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see Garcia*, 372 S.W.3d at 635. "If the plaintiff pleaded facts making out a prima facie case and the governmental unit instead challenges the existence of jurisdictional facts, we consider the relevant evidence submitted." *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see Garcia*, 372 S.W.3d at 635. "The analysis then 'mirrors that of a traditional summary judgment.'" *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (quoting *Garcia*, 372 S.W.3d at 635).

**B.** **Summary Judgment**

A movant for traditional summary judgment has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the nonmovant produces more than a scintilla of evidence to raise a fact issue on the challenged elements, then summary judgment is improper. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

"We review the denial of a motion for summary judgment de novo." *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). The evidence is viewed in the light most favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts against the motion. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## C. TCHRA

The TCHRA prohibits, among other things, age, disability, and national origin discrimination and retaliation by employers. *See* TEX. LAB. CODE §§ 21.051, 21.055, 21.105. The TCHRA waives immunity from suit "for statutory violations, which means the trial court lacks subject-matter jurisdiction over the dispute absent" a "claim for conduct that actually violates the statute." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 763, 770 (Tex. 2018); *see* TEX. LAB. CODE § 21.254. If a plaintiff fails to allege a violation of the TCHRA, then the trial court does not have jurisdiction, and the claim should be dismissed. *Garcia*, 372 S.W.3d at 637.

"We follow the burden-shifting framework the United States Supreme Court established in *McDonnell Douglas Corp. v. Green*, [411 U.S. 792 (1973)]." *Tex. Tech. Univ. Health Sciences Ctr.-El Paso v. Flores* 612 S.W.3d 299, 305 (Tex. 2020); *Alamo Heights*, 544 S.W.3d at 782.

> Under this framework: (1) the plaintiff must first create a presumption of illegal discrimination by establishing a prima facie case; (2) the defendant must then rebut that presumption by producing evidence of a legitimate-nondiscriminatory reason for the employment action; and (3) the plaintiff must then overcome the rebuttal evidence by producing evidence that the defendant's stated reason is a mere pretext.

*Flores*, 612 S.W.3d at 305; *Alamo Heights*, 544 S.W.3d at 782. If a plaintiff fails to establish a prima facie case against a governmental unit or overcome the rebuttal

evidence, then the trial court lacks jurisdiction and must dismiss the case. *See Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 225–26.

Among the express purposes of the TCHRA are to "provide for the execution of the policies" of Title VII of the Civil Rights Act of 1964 and Title I of the American with Disabilities Act of 1990 (ADA) and their subsequent amendments. TEX. LAB. CODE §§ 21.001(1), (3). Thus, we look to those analogous federal statutes and the cases interpreting them in applying the TCHRA. *Lara*, 625 S.W.3d at 52; *see Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020).

## Analysis

The County asserts that the trial court lacks jurisdiction and must dismiss the claims against it because Hall failed to establish a prima facie case against it for any of his causes of action. We consider each of Hall's claims in turn.

### A. Disability Discrimination Claim

The Labor Code prohibits discrimination that occurs "because of or on the basis of a physical or mental condition that does not impair an individual's ability to reasonably perform a job." TEX. LAB. CODE § 21.105. To establish a prima facie case of disability discrimination under the TCHRA, Hall has the burden to show (1) he has a disability, (2) he is qualified for the job, and (3) he suffered an adverse employment decision because of his disability. *Lara*, 625 S.W.3d at 61 (citing

8

*Green v. Dallas Cnty. Schs.*, 537 S.W.3d 501, 503 (Tex. 2017) (per curiam)); *see Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 436 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see also* TEX. LAB. CODE § 21.105 (noting that, for purposes of TCHRA, disability means "a physical or mental condition that does not impair an individual's ability to reasonably perform a job.").

The County argues that Hall cannot establish a prima facie case of disability discrimination because he cannot meet his burden as to the second element: that he was qualified for the position he held at the time he was fired. The County argues that Hall was not qualified to work in the Harris County jail because at the time of his termination, his jailer's license had expired. We agree.

A plaintiff can show the "qualification" element in one of two ways: (1) by proving that he can perform all essential job functions with or without modifications or accommodations; or (2) by showing that some reasonable accommodation by the employer would enable him to perform the job. *Donaldson*, 495 S.W.3d at 437 (citing *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)).

Hall was not qualified to perform the essential functions of a detention officer in the Harris County jail. The evidence shows that Hall's TCOLE license was suspended at the time of his termination, rendering him unqualified to work as

9

a detention officer or detention training officer in the jail. Hall argues that he later received a waiver from TCOLE for the licensure requirement, but Hall did not seek that waiver until after his separation notice. To avoid summary judgment, the plaintiff must show that he was qualified at the time of his termination. *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017). The evidence reflects that at the time of his termination, Hall was not qualified to perform his job duties because his jailer's license was not in good standing.

Hall failed to establish a prima facie case of disability discrimination because he could not establish that at the time of his termination he was qualified for the job. Absent a viable claim for disability discrimination, the County's immunity is not waived, the trial court does not have subject matter jurisdiction over the claim, and the claim must be dismissed. *Garcia*, 372 S.W.3d at 637. The trial court erred by not dismissing Hall's disability discrimination claim against the County.

## B. Failure to Accommodate Claim

An employer violates the TCHRA if the employer, "fail[s] or refuse[s] to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability who is an employee." TEX. LAB. CODE § 21.128(a); *Harris Ctr. for Mental Health & IDD v. McLeod*, No. 01-22-00947-CV, 2024 WL 1383271, at *8 (Tex. App.—Houston

[1st Dist.] Apr. 2, 2024, pet. denied) (mem. op.). The elements of a failure to accommodate claim are: (1) the individual has a disability; (2) the employer had notice of the disability; (3) with a reasonable accommodation, the individual could perform the essential functions of the position; and (4) the employer refused to make the accommodation. *Datar v. Nat'l Oilwell Varco, L.P.*, 518 S.W.3d 467, 474 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

To the extent Hall argues that the County failed to accommodate him in his jailer position, we have explained *supra* that at the time of termination, Hall was not a qualified employee because his TCOLE license had lapsed. *See* TEX. LAB. CODE § 21.128(a) (stating employer violates TCHRA if fails to make reasonable workplace accommodation for "otherwise qualified" employee with disability). Moreover, Hall submitted a third LOA request after his transfer request which stated that he was unable to work at all. Therefore, Hall has not produced controverting evidence indicating that he could in fact work.

Hall also argues that the County failed to accommodate him when it did not transfer him to a different position. The evidence reflects that Hall failed to request transfer to a specific and available position. He also did not allege facts to show that he met the qualifications of that position. *See Moss*, 851 F.3d at 419 (holding plaintiff did not meet burden of raising fact issue regarding whether transferring him to light duty position would be reasonable accommodation because he failed

11

to present evidence that such position was vacant at time of termination or that he could perform its duties). Hall's summary judgment evidence includes depositions from various County employees stating generally that civilian positions are usually available. Hall failed to present any evidence that a specific civilian duty position, which is a different job than what he had, was vacant at the time of his termination or that he could perform the essential functions of a civilian position.

Because Hall failed to provide evidence of a specific civilian position where he could be accommodated or evidence that he was a qualified employee who could be accommodated in his jailer position, he cannot establish a prima facie case of his failure to accommodate claim. Accordingly, the trial court erred in denying the County's summary judgment motion on Hall's failure to accommodate claim, and the claim must be dismissed.

## C.     Retaliation Claim

The County argues that the trial court erred in denying its summary judgment motion on Hall's retaliation claim because Hall failed to exhaust his administrative remedies, and even assuming he did, Hall did not establish a prima facie case of retaliation.

To establish a prima facie case of retaliation under the TCHRA, an employee must demonstrate that (1) he engaged in an activity protected by the TCHRA, (2) he experienced a material adverse employment action, and (3) a

12

causal link exists between the protected activity and the adverse action. *Alamo Heights*, 544 S.W.3d at 782.

"[E]xhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA." *Bering v. Tex. Dep't of Criminal Justice-PFCMOD*, No. 02-24-00033-CV, 2024 WL 4455843, at *2 (Tex. App.—Fort Worth Oct. 10, 2024, no pet.) (mem. op.) (citing *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004)). As a governmental entity, Harris County is immune from suit absent a waiver of immunity, and all statutory prerequisites to suit are jurisdictional. *Id.* A TCHRA plaintiff's exhaustion of administrative remedies "begins by filing [an administrative] complaint." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804–05 (Tex. 2010). Filing an administrative complaint does not give the plaintiff carte blanche to pursue other TCHRA claims that he might later devise. *Bering*, 2024 WL 4455843, at *2. The resulting TCHRA lawsuit is confined to claims specifically identified in the administrative complaint and to those factually related claims that could "reasonably be expected to grow out of the agency's investigation of the claims" in the administrative complaint. *Univ of Tex. Health Sci. Ctr. at Houston v. Carroll*, No. 01-23-0014-CV, 2024 WL 3417051, at *7 (Tex. App.—Houston [1st Dist.] July 16, 2024, pet. denied) (mem. op.) (quoting *Cuadra v. Declaration Title Co.*, 682 S.W.3d 628, 634 (Tex. App.—Houston [1st Dist.] 2023, no pet.)). When

13

determining an administrative complaint's scope, the crucial element of a charge of discrimination "is the factual statement contained in the administrative complaint." *Carroll*, 2024 WL 3417051, at \*7 (internal quotations and citations omitted); *see* TEX. LAB. CODE § 21.201(c)(2) (requiring administrative complaint to state "the facts on which the complaint is based").

Hall filed a form EEOC complaint with the Texas Workforce Commission. On the form, he checked boxes indicating he alleged discrimination based on retaliation and disability. He included a three-typed-page factual statement outlining his complaint. The factual statement does not mention retaliation or termination for engaging in a protected activity. On the last page of the charge, he states that he was "dismissed on inadequate information . . . based on sheer neglect." He does not state that he was terminated because he engaged in a protected activity.

Hall's petition states that the County "retaliated unlawfully" when it terminated Hall for engaging in a protected activity "by opposing a discriminatory practice on 9/20/21 with Paul Mendez HR Analyst." Later, in his deposition, Hall stated that he called Mendez, a human resources representative with the County, on September 20, 2021, and expressed that he believed he was discriminated against by the County based on his medical condition.

We conclude that Hall's charge does not include an adequate factual basis to put the County on notice that he was complaining that he was retaliated against based on his disability. Therefore, Hall did not exhaust his administrative remedies as to this claim. Since Hall failed to exhaust his administrative remedies, the County's immunity with regard to Hall's TCHRA retaliation claim has not been waived. The trial court erred in denying the County's summary judgment motion on this claim.

## D. "Practice and Pattern" Discrimination Claim

Hall's petition alleges that the County has a pattern and practice of discrimination against minority employees. The County asserts that the TCHRA does not waive governmental immunity for such a claim and that Hall also failed to exhaust his administrative remedies.

The TCHRA waives immunity when a plaintiff alleges a violation of the TCHRA by pleading facts that fall under a cause of action within the statute. *Alamo Heights*, 544 S.W.3d at 770. The TCHRA does not contain a cause of action for a pattern and practice of discrimination. *See* TEX. LAB. CODE §§ 21.001–23.003 (employment discrimination). Therefore, the County's immunity is not waived. Moreover, Hall's EEOC charge does not contain factual statements alleging a pattern and practice claim. *Carroll*, 2024 WL 3417051, at *7 (stating TCHRA lawsuit is confined to claims brought in administrative charge). Even if the

TCHRA waived immunity for this claim, Hall did not administratively exhaust his remedies. *Id.* (stating TCHRA lawsuit is confined to claims brought in administrative charge).

The trial court erred by denying the County's summary judgment motion related to this claim.

## E.    Aiding and Abetting Discrimination Claim

The County argues that the trial court erred in denying summary judgment on Hall's aiding and abetting discrimination claim. *See* TEX. LAB. CODE § 21.056 (stating it is a violation "if [a]n employer . . . aids, abets incites, or coerces a person to engage in a discriminatory practice."). As explained *supra*, Hall failed to meet his burden to show that Harris County engaged in a discriminatory practice. Hall therefore cannot establish a prima facie case that the County aided or abetted a person to engage in a discriminatory practice. Moreover, Hall failed to exhaust administrative remedies because his EEOC charge does not include facts or statements alleging an aiding and abetting claim. *Carroll*, 2024 WL 3417051, at *7 (stating TCHRA lawsuit is confined to claims brought in administrative charge). Hall's EEOC charge did not include factual statements alleging that the County enticed any other party to commit discriminatory practices.

Because Hall failed to establish a prima facie case of aiding and abetting discrimination, the County's immunity from suit is not waived. The trial court erred by denying the County's summary judgment motion on this claim.

## Conclusion

Having determined that the County's immunity from suit is not waived for any of Hall's claims against it, we reverse and render judgment dismissing Hall's claims against the County.

Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.